# Ryan *v.* The State.

### Indictment for Grand Larceny.

1. *Confessions.*—A conviction should not be had on the extra-judicial confessions of the defendant, unsupported by any corroborating facts and circumstances

2. *Same; proof of corpus delicti.*—Proof *aliunde* the confession is required as to the *corpus delicti,* but positive, direct evidence thereof is not indispensable to the admission of confessions; whenever facts and circumstances are proven from which a jury might legally infer that the offense has been committed, the confessions are admissible.

3. *Same; case at bar.*—Where on a trial for hog theft, prosecutor testified that he lost a black sow, weighing from 50 to 70 pounds; and another witness testified that at the time of the loss he found defendant with a freshly cleaned sow he had killed, which would weigh about 50 pounds; that, judging from the hair left on her, it was black; that defendant told him he had gotten the sow from one R.; that it had gotten out of the pen, and that he had killed it; that defendant's daughter came up, and said in defendant's presence, she did not know he had a hog; this was sufficient evidence of the *corpus delicti,* to warrant the admission of defendant's confession.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. JAMES T. JONES.

I. I. CANTERBURY, for the appellants.

WM. L. MARTIN, Attorney-General, for the State.

The appellant was indicted, tried and convicted of grand larceny for stealing a hog.

VOL. C.

[Ryan v. The State.]

The facts bearing on the only question considered by the court are sufficiently stated in the opinion. After the introduction of all the evidence, the defendant requested the court to give the general affirmative charge in his behalf, and duly excepted to the court's refusal to give the same.

COLEMAN, J.—The defendant was convicted of the larceny of a hog, which, under the statute, is a felony. The only question deserving consideration arises upon the confessions of the defendant, which were admitted against his objections. That the confessions were free and voluntary is not controverted. It is contended that there was not sufficient evidence of the *corpus delicti*, to authorize the introduction of the confessions. The rule which prevails in this State, is, that a conviction should not be had on the extrajudicial confessions of the defendant, unsupported by any corroborating facts and circumstances; proof *aliunde* of the *corpus delicti* is required. Positive, direct evidence of the *corpus delicti*, is not indispensable to the admissions of confessions. Whenever facts and circumstances are proven, from which a jury might legally infer that the offense has been committed, the confessions are admissible. The proven facts and circumstances and the confessions of the defendant may then be weighed and considered together, and if upon the whole evidence, the jury are satisfied beyond a reasonable doubt, both as to the *corpus delicti* and the identity of the defendant as the guilty perpetrator, it becomes their duty to convict.— *Winslow v. The State*, 76 Ala. 42 ; *Matthews v. The State*, 55 Ala. 187 ; *Colquit v. The State*, 61 Ala. 48 ; *Johnson v. The State*, 59 Ala. 37.

The trial took place at the fall term of the court, 1893. One Jackson testified that in November, 1892, about a year before the trial, that he lost several shoats ; that one was an unmarked black sow shoat, with a white list under stomach, that it would weigh from fifty to seventy pounds, perhaps not more than fifty or sixty pounds, and that it had never been seen since. That the hogs ranged near one Thomas who knew them better than witness. Thomas testified, that at the time Jackson lost his hog, he ascertained that defendant had killed a hog, that it was on Sunday, and about dark he went to defendant's house, found him with a freshly cleaned hog, that it was a sow shoat, unmarked and would weigh about fifty pounds, and judging from the hair left on the hog, it was black with a white list on back and foreshoulder, that defendant said he got the shoat from Eliza Richardson, that it got out of his pen and he killed it, that

[Fowler v. The State.]

witness called defendant's daughter up, who, when asked about the hog, said in the presence of defendant that she knew nothing of the hog, and did not know defendant had a hog in his pen. The record is silent as to whether defendant made any response to this statement made in his presence. Upon this proof the court admitted the confessions of the defendant, which were, "that the hog killed was Mr. Jackson's hog, that he knew it was Mr. Jackson's hog when he killed it," and then made some excuse for killing it which need not be stated.

The facts and circumstances proven were sufficient to let in the confessions, and to show that there was no error in the refusal of the court, to give the general affirmative charge for the defendant.

Affirmed.