[*Ex parte* Espalla.]

# *Ex parte* Espalla.

## *Application for Writ of Habeas Corpus.*

1. *When convict is not entitled to discharge from custody on account of delay in removing him to the penitentiary.*—A convict confined in jail under sentence of imprisonment in the penitentiary is not entitled to be discharged from custody, on *habeas corpus*, because of the failure of the agent of the penitentiary authorities to remove him to the penitentiary, for the execution of his sentence, on the day when such agent came to the jail for that purpose, when the sheriff having him in custody could not deliver him to such agent without disobeying an order of the probate judge of the county, obtained by the convict himself on a petition for the writ of *habeas corpus*, to produce the convict before such probate judge on a later day,—whether the probate judge had jurisdiction of the subject matter or not.

This was an original petition for the writ of *habeas corpus*, filed in this court on January 27th, 1896, by Robert S. Espalla. Besides the facts set out in the opinion, it appears from the petition, with the accompanying exhibits, that the petitioner was convicted in the City Court of Mobile on July 20, 1895, of the offense of forgery, and was sentenced at that term of the court to imprisonment in the penitentiary for two years; that he appealed from that judgment of conviction, and the sentence was stayed by appropriate orders until the case was passed upon by this court on appeal; that petitioner was confined in the county jail by the sheriff of Mobile county when this petition and the several petitions mentioned in the opinion were filed; and that on the hearing of the application to Judge Semmes the petitioner duly excepted to the ruling of said judge, mentioned in the opinion; and he makes the bill of exceptions then reserved an exhibit to this application to this court.

P. C. MASSIE and C. L. BROMBERG, JR., for petitioner, cited *Ex parte Goucher*, 15 So. Rep. 601; *Ex parte King*, 82 Ala. 60; *Ex parte Kirby*, 62 Ala. 56; *People v. Warden*, 66 N. Y. 453.

WM. C, FITTS, Attorney-General, *contra*.

HARALSON, J.—It may be, the judge of probate of Mobile county did not, under section 4764 of the Code, have jurisdiction to issue the writ of *habeas corpus*, which the petitioner himself prayed for and obtained from him, on the 22nd of January, 1896, returnable on the 25th of that month. We need not decide that now. All the information afforded us as to that proceeding in the petition addressed to us is, that the writ was issued at the instance of the petitioner, on the day named; that it was granted, returnable at the time stated, and that on that date—25th January, 1896—the sheriff made return to the writ, and produced the body of petitioner before the probate judge, who made the following order : "It is hereby ordered that the petitioner, Robert F. Espalla, be remanded to the custody of the sheriff." Whether this order was made because the judge on investigation concluded he had no jurisdiction in the premises, or, on investigation into the facts of the case, determined that the petitioner was not unlawfully detained, and not entitled to be enlarged, we are not informed.

The petition does disclose the fact that on the 23rd of January, the day after the writ was sued out before the probate judge, and pending the proceedings before him, and before the 25th of January, the date of the return of said writ, the petitioner addressed and presented another petition for a writ of *habeas corpus* to Wm. S. Anderson, the judge of the circuit court, which was refused by him, for the reason, as indorsed on the writ, that the judge of probate of Mobile had taken jurisdiction of the matter, and had issued a writ returnable before him on the 25th of January. On the 25th of January, the petitioner presented still another petition for *habeas corpus* to the judge of the city court of Mobile, in which the foregoing facts appear, praying to be discharged, on the ground that the judge of the probate court of Mobile "had no jurisdiction to hear the case, and the agent of the penitentiary should have taken petitioner to the penitentiary, despite the writ issued by Judge Williams (the probate judge)." Judge Semmes' order, as endorsed on the writ, after reciting the foregoing facts, was : "I am of the opinion, that as the petitioner was retained in the county jail by reason of the mandate of Judge Williams to the sheriff, issued at the

[*Ex parte* Espalla.]

request of petitioner, he cannot now set up the detention which was brought about by his own action. In consideration of the above, I decline to issue the writ.'' It should be added that the petition to Judge Semmes discloses the fact that the agent of the Board of Inspectors of Convicts was, on the 23rd of January, 1896,—the day after the writ of *habeas corpus* had been sued out by petitioner before the judge of probate, returnable on the 25th of that month,—present in Mobile, and went to the county jail, where petitioner was confined, with authority to take petitioner to the penitentiary. And the petition avers, he did not take petitioner as he should have done, for the execution of his sentence. It is further averred, that petitioner's case was affirmed in this court on the 14th of January, 1896. It is not stated when the certificate of affirmance was sent down from this court to the City Court, in which the petitioner was tried and sentenced to the penitentiary; but we know judicially that it is not the duty of our clerk to send down his certificate of affirmance or reversal of causes in this court until "immediately after the expiration of the time of hearing causes allotted by the court to each of the several divisions into which its business is distributed, in the causes decided during said term."—Code, § 699, as amended, Acts 1894-5, p. 161. The case was decided on the 14th of January, during the week allotted for the call of cases of the Fourth Division. That call was finished on the 16th, and the court adjourned over to the 27th of January, 1896. The certificate should have been sent down as early as the 17th of the month. On the 22nd petitioner presented his petition alleging unusual and unnecessary delay in having him transferred to the penitentiary; and on the 23rd the agent of the penitentiary authorities was present in Mobile to carry him to the penitentiary, to work out his sentence, and was prevented by the action of petitioner himself, in suing out said writ, since it is plainly inferable from the allegations that the sheriff of Mobile could not deliver him, without a disobedience of the orders of the judge of probate to produce the petitioner before him on the 25th of the month.

Why the authorities did not appear in Mobile sooner than the 23rd, to take petitioner to the penitentiary, we are not informed, and it is not necessary for us to de-

[Powell v. Wade.]

cide whether for that reason there was any unlawful delay in the execution of the sentence or not; but one thing is manifest, that the petitioner is now complaining that he was not transferred on the 23rd of January, and that he alone is to blame for the fact that he was not so transferred. He produced the delay, and now complains of it; and, from the whole proceeding, it is not clear that he did not sue out the writ before Judge Williams for the very purpose of keeping himself from being taken to the penitentiary, a proceeding which, without dismissing it, he repudiated by his subsequent applications, as having been granted by a judge who had no jurisdiction of the subject matter. His case wears the appearance of an attempt to escape punishment on grounds which do not address themselves to us with favor. We see no reason for interfering, on what is before us, by our writ of *habeas corpus*.   .   ·

*Habeas corpus* denied.   .