(78 South. 311)

POOL v. STATE. (3 Div. 299.)

(Court of Appeals of Alabama. March 12, 1918.)

1. CRIMINAL LAW ☞338(3) — EVIDENCE — QUESTIONS FOR JURY.

That eight year old girl's private parts were inflamed, swollen, and showed discharge in October after alleged carnal knowledge in July, with doctor's testimony that it looked like venereal trouble, which could exist for several months, and positive testimony of child and her mother to the criminal act, and defendant's confession, was relevant to go to the jury in prosecution for carnal knowledge of girl under age of consent.

2. CRIMINAL LAW ☞517(2)—CONFESSION—ADMISSIBILITY—PROOF OF CORPUS DELICTI.

To render evidence of confession to having carnal knowledge of girl under age of consent admissible, the corpus delicti need not be proved beyond a reasonable doubt.

3. CRIMINAL LAW ☞781(3)—INSTRUCTIONS—ARGUMENTATIVE—CONFESSION.

In prosecution for carnal knowledge of eight year old girl, requested instruction that law looks with suspicion on a confession, that it must have been voluntary and free from threats or promises, that accused's age might be considered on question whether confession was voluntary, and that there should be no conviction unless each juror was satisfied that the corpus delicti had been proved, was properly refused as argumentative.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Ocie Pool was convicted of having carnal knowledge of a girl under the age of consent, and he appeals. Affirmed.

Charge 4 is as follows:

The court charges the jury that the law looks with suspicion upon any confession made by a defendant, and requires that, before it can be submitted to the jury, it be proven that it was freely and voluntarily made, and that no threats or promises of reward or inducements were held out to him to make such confession, and that in considering the weight of such confession they can look to the age of the defendant at the time, together with all the other circumstances to say whether the same was freely and voluntarily made, and that they should not convict

him on said alleged confession, unless each juror is satisfied that the corpus delicti has been proven, and that is that the defendant did in fact carnally know the child, or did abuse her genital parts in the attempt to carnally know her, and unless they are so satisfied beyond a reasonable doubt they should find the defendant not guilty.

Mark D. Brainard, of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] The fact that the private parts of a girl child eight years old were inflamed, swollen, and showed "quite a good deal of discharge" in October after an alleged carnal knowledge on July 16th, when taken in connection with the testimony of the doctor making the examination to the effect that it looked like venereal trouble, that such condition could exist for several months, and the evidence of the child and her mother, who testified positively to the criminal act, coupled with the confession of defendant, and the entire absence of any testimony tending to show any other agency that could have caused the condition, was relevant to go to the jury as tending to establish the fact of injury in an attempt to have carnal knowledge of a child under the age of consent. 10 R. C. L. p. 927; 1 Mayf. Dig. p. 317, § 83; 1 Mayf. Dig. p. 316, § 81.

[2] The several charges requested by the defendant and refused by the court asserted the proposition that, before evidence of a confession was admissible, the corpus delicti must be proven beyond a reasonable doubt. Such is not the rule. Ryan v. State, 100 Ala. 94, 14 South. 868.

[3] Charge 4, requested by the defendant, is argumentative, and was properly refused.

There is no error in the record, and the judgment is affirmed.

Affirmed.