(93 South. 460)

## HILL v. STATE.	(7 Div. 224.)

(Supreme Court of Alabama.	May 4, 1922.)

1. **Criminal law** ⊂⊐563, 566—State must prove commission of crime and identity of accused beyond reasonable doubt.

The burden is on the state to prove, beyond a reasonable doubt, that the crime charged has been in fact committed, and that accused is the person who committed it.

2. **Criminal law** ⊂⊐563—Corpus delicti provable by circumstantial evidence.

Circumstantial evidence may afford satisfactory proof of the corpus delicti.

3. **Criminal law** ⊂⊐338(3), 741(1)—Proof of corpus delicti a jury question, and, where shown, other evidence tending to implicate accused is admissible.

If any facts are shown from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate accused is thereby rendered admissible.

4. **Criminal law** ⊂⊐535(2)—Uncorroborated confession insufficient to prove corpus delicti.

A mere extrajudicial confession, uncorroborated by other facts, is insufficient to show the corpus delicti, and cannot support a conviction.

5. **Criminal law** ⊂⊐535(2)—Proof of corpus delicti need not be conclusive to support conviction, if aided by accused's confessions or admissions.

Inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti.

6. **Criminal law** ⊂⊐535(2)—Homicide ⊂⊐228(2)—Evidence held not to prove corpus delicti so as to render admissible accused's confessions or to authorize accused's conviction.

In a murder trial, evidence that about 10 o'clock in the morning neighbors saw smoke

and flame issuing from the house where deceased lived, and, going there, heard deceased crying from the inside, "God help me boys, there is fire," that the charred body of deceased was found lying face downward on the floor after the fire, and that, although the house was in plain view from neighboring houses, no one saw any human being go to or from the house before the fire, *held* not to afford legitimate inference that the house was burned by an incendiary, or that deceased was killed by any outside human agency, so that there was no evidence of a corpus delicti sufficient to render accused's confessions admissible or to authorize his conviction.

Appeal from Circuit Court, Talladega County; S. W. Tate, Special Judge.

Will Hill was convicted of murder in the first degree, and he appeals. Reversed and remanded.

Defendant, a young negro man, was indicted for the murder of Louis Goodson, a negro man about 55 years of age, by "burning him, or by smothering him, or by strangling him, or by some means unknown to the grand jury." He was convicted of murder in the first degree, with sentence of death.

The deceased lived in a two-room wooden shack, not far from the city of Talladega, alone with his son Sam, who worked in the city. On April 10th deceased and his son arose as usual, and Sam went to his work before 6 a. m., leaving deceased at home, dressed.

About 10 a. m. neighbors saw smoke issuing from the house, and, on going there, found it in flames, and heard deceased crying out from the inside, "God help me, boys, there is fire." The house then fell in and afterwards the charred body of deceased was found lying face downward on the floor. There was no stove in the house, the cooking being done on the fireplace.

The only other person, who testified to seeing deceased alive after his son left him in the early morning was a neighbor, Levi Cosper, a witness for the state, who said that he lived about 150 yards from deceased, and that deceased came over to his house and got a bucket of water, complained of being sick, and went back home, and that witness then (about 8 or 9 a. m.) went on off to the city. Cosper further stated that on that occasion he saw defendant on top of the hill, about 200 yards from deceased's house, lying on the ground in some bushes.

The evidence for the state tended to show that deceased kept money in the house all the time, and that, on the morning of his death, he had $36 in his pocket. It further showed that defendant and Sam Goodson came from Anniston together, and, up to about a month before the burning of the house, defendant lived and boarded in the house with deceased. There was no dispute nor ill feeling between them, but on complaint of Sam's employer that defendant was a carrier of lice which would likely infest Sam also, and his request that they get rid of him, deceased caused defendant to move away from his house.

There was no testimony tending to connect defendant with the burning of the house or killing of deceased, other than his presence in the neighborhood shortly before the fire was discovered, and his probable knowledge that deceased had some money. Nor was there any testimony directly tending to show that any one had intentionally set fire to the house, or had done violence to the deceased.

On Wednesday, after the burning on Monday, defendant went to Mrs. Cain, a lady for whom he had previously worked at times, and asked her if she would say he was there at work for her on the Monday before— which she testified was not the case. He told her they were after him for burning the old negro up, and the sheriff was hunting for him, and he wanted her to write the sheriff a note.

Defendant was arrested on the Saturday following, and shortly after he was put in jail he sent for sheriff Cornett and told him "that he didn't kill Louis Goodson; that Louis wasn't killed but that he was tied by Levi Cosper and Sam Goodson, and that he (defendant) burned the house down;" and further "that the reason they did that was to get his money and divide it." Defendant also sent for Mr. R. H. McCain to come to see him, and made the same statements substantially to him.

Defendant's counsel seasonably objected to the introduction of the foregoing admission and confessions, on the special grounds that they were not shown to have been voluntarily made, and that the corpus delicti had not been shown, and the objections were overruled, with exceptions.

Earle Montgomery, of Talladega, for appellant.

Finding of the body of a person almost consumed by fire is proof only of the corpus; to prove the corpus delicti, there must be facts showing that death was caused by violence of some other person, and not by accident. 131 Cal. 647, 63 Pac. 1001; 5 Cush. (Mass.) 295, 52 Am. Dec. 711; 107 Cal. 345, 40 Pac. 440. The mere finding of a house in ashes does not establish the corpus delicti; there must be proof beyond all reasonable doubt that the fire originated through a criminal human agency. 139 La. 147, 71 South. 347; 16 Ala. App. 176, 76 South. 413; 74 Fla. 108, 76 South. 679. In a criminal prosecution, no extrajudicial confession on the part of defendant is admissible in evidence until the corpus delicti has first been proven by other independent evidence; and such

confession, if admitted, should be excluded on defendant's motion. 109 Ala. 50, 19 South. 494; 165 Ala. 99, 51 South. 311; 142 Ala. 1, 37 South. 937; 55 Ala. 187; 71 South. 374; 16 Ala. App. 129, 75 South. 721. A fact within itself ambiguous and equivocal cannot by inference or presumption be proven criminal. 92 U. S. 281, 23 L. Ed. 707; 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] In every criminal prosecution the burden is on the state to prove beyond a reasonable doubt that the crime charged has been in fact committed, and that the accused is the person who committed it. Winslow v. State, 76 Ala. 42, 47; Smith v. State, 133 Ala. 145, 150, 31 South. 806, 91 Am. St. Rep. 21; Perry v. State, 155 Ala. 93, 46 South. 470; Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536.

[2, 3] Circumstantial evidence may afford satisfactory proof of the corpus delicti; and if any facts are shown from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible. Cases supra; Matthews v. State, 55 Ala. 187; Ryan v. State, 100 Ala. 94, 14 South. 868.

[4] But a mere extrajudicial confession, uncorroborated by other facts, is not sufficient to show the corpus delicti, and cannot support a conviction. Johnson v. State, 142 Ala. 1, 37 South. 937; Patterson v. State, 202 Ala. 65 (9), 79 South. 459; Matthews v. State, 55 Ala. 187, 195. In the latter case it was said:

"Evidence of facts and circumstances, attending the particular offense, and usually attending the commission of similar offenses—or of facts to the discovery of which the confession has led, and which would not probably have existed if the offense had not been committed—or of facts having a just tendency to lead the mind to the conclusion that the offense has been committed—would be admissible to corroborate the confession. The weight which would be accorded them, when connected with the confession, the jury must determine, under proper instructions from the court."

[5] Under the decisions of this court above noted, it must be considered as settled that inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti. Matthews v. State, 55 Ala. 187, 195; Ryan v. State, 100 Ala. 94, 95, 14 South. 868. And this seems to be the general rule. 16 Corpus Juris, § 1514, p. 737.

In Harden v. State, 109 Ala. 50, 19 South. 494, where there was no evidence of the corpus delicti, and the defendant would have been entitled to the general affirmative charge if he had requested it, it was said in the opinion that "a mere confession will not authorize a conviction, unless, independent of the confession, the evidence is sufficient to authorize the conclusion beyond a reasonable doubt that the offense has been committed." That statement is inaccurate, and was a dictum merely. Manifestly it was an inadvertence, and its inconsistency with Ryan v. State, 100 Ala. 94, 14 South. 868, which was written by the same learned justice, was overlooked. The dictum was quoted later in the case of Calvert v. State, 165 Ala. 99, 51 South. 311, where, however, the distinction in question was not involved, and evidently was not in the mind of the writer nor of the court. We therefore disapprove the dictum in Harden v. State, supra, and reaffirm the principle as stated in the older cases.

[6] A careful consideration of the evidence adduced on the trial of this case has led us to the conclusion that, independent of the admissions and confessions of defendant, it does not afford any legitimate inference that the house in question was burned by the act of an incendiary, nor that its inmate, Louis Goodson, was killed by any outside human agency; and that, therefore, there was no evidence of the corpus delicti sufficient to authorize the admission in evidence of defendant's confessions, or to authorize his conviction of the crime charged.

The evidence shows that the house was in plain view from neighboring houses—so much so that a number of people observed the smoke and flames soon after they appeared—and yet no one saw any human being go to or from the house before the discovery of the fire, about 10 or 11 o'clock a. m. There is nothing to indicate the origin of the fire, and all human experience attests the ease with which buildings may be set on fire by the merest heedlessness. The fact that deceased was ill may well have induced him to kindle a fire and lie down to sleep at that time of day, so that on awaking he was trapped by the blaze all around him, and too weak and confused to escape. Nor did his articulate cries indicate, as they might otherwise well have done, that he had been assaulted or imprisoned there by any one.

In short, there is nothing in the known facts and circumstances which is so inconsistent with ordinary human experience as to justify the inference of arson or murder, and such an inference would be nothing better than a plausible conjecture, which might as well be false as true.

A number of cases on this particular subject are digested in the note to Spears v. State, 92 Miss. 613, 46 South. 166, 16 L. R. A. (N. S.) 285, and some of them furnish instructive analogies.

It results that the admissions and confessions of defendant were improperly admitted, and his conviction was not authorized under the rules of evidence above stated.

For the erroneous rulings in this regard, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

All the Justices concur.