### NARO v. STATE. (6 Div. 724.)

(Court of Appeals of Alabama. June 9, 1925. Rehearing Denied June 30, 1925.)

**1. Homicide ⬅268—Evidence in murder prosecution held for jury.**

In prosecution for murder, under evidence, it was not error for trial court to overrule defendant's request for general affirmative charge.

**2. Criminal law ⬅789(8)—Requested charge on reasonable doubt properly refused.**

In a murder prosecution, court's refusal to give a requested charge to the effect that, in order to find defendant guilty, jury must believe beyond a reasonable doubt and to a moral certainty that defendant was guilty as charged in the indictment, *held* without error.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Edna Naro was convicted of murder in the second degree, and she appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Naro, 213 Ala. 515, 105 So. 697.

Charge A, refused to defendant, is as follows:

"A. I charge, gentlemen of the jury, that, before you would be authorized to convict the defendant in this case, you must believe beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in the indictment."

Richard H. Fries, of Birmingham, for appellant.

The state must prove commission of, the crime, and criminal agency or identity of the accused, as corpus delicti. An uncorroborated confession is not sufficient. Vaughn v. State, 130 Ala. 18, 30 So. 669; Hill v. State, 207 Ala. 444, 93 So. 460; Matthews v. State, 55 Ala. 187; State v. Winter, 123 Ala. 259, 26 So. 482, 45 L. R. A. 772; Tidwell v. State, 70 Ala. 33; Bowles v. State, 58 Ala. 335; State v. Morea, 2 Ala. 275. A conviction cannot be had on extrajudicial confessions by defendant, uncorroborated by other facts and circumstances. Cottingham v. State, 115 Ala. 690, 22 So. 998; Harden v. State, 109 Ala. 50, 19 So. 494; Ryan v. State, 100 Ala. 94, 14 So. 868.

Harwell G. Davis, Atty. Gen., and Beddow & Ray, of Birmingham, for the State.

Counsel discuss the question of the burden upon the state as to the corpus delicti, and cite 16 C. J. 529, 771; White v. State, 49 Ala. 344; Perry v. State, 155 Ala. 93, 46 So. 470; Vaughn v. State, 130 Ala. 18, 30 So. 669; Hill v. State, 207 Ala. 444, 93 So. 460; Matthews v. State, 55 Ala. 187.

RICE, J. The appellant (defendant) was convicted of murder in the second degree and sentenced to imprisonment for 20 years. This is the second appeal in the case; the decision in the first, which was to the Supreme Court, being reported in 209 Ala. 614, 96 So. 761.

Ralph Roberts, the deceased, went to the home of defendant on the night of his death about midnight or a little later for the purpose of visiting one of several women residing there at the time. The evidence for the state tended to show that, while in the home of defendant, deceased purchased from her some drinks of whisky, and that, an argument with her taking place over the pay for said whisky, deceased, one Alf Naro, defendant's husband, and one Felton Corn, who went there with deceased, got into a fight about it; defendant being all the while present. The fight raged in the hall of the home of defendant. Corn testified that, upon receiving a blow from Alf Naro, he withdrew to the front porch, and that after a time of fighting Ralph Roberts, the deceased, ran out by him, and that a shot was heard by witness that seemed to come from within the house. A short time later the dead body of deceased was found near defendant's home, with bruises on his face, a knife wound in front, and a pistol ball wound in the small of his back, which penetrated not through his body, but to a depth of at least 6 or 6½ inches. Powder burns were on deceased's clothing where the wound entered in his back. When the officers arrived at the

home of the defendant in response to her call soon after, and after, or at, the time of finding of deceased's body, defendant stated to them that she killed the deceased by shooting him with a pistol.

[1] While a great many more salacious details were introduced in evidence tending to show that deceased was foully murdered, and defendant's guilty participation in bringing about his death, yet we think what we have set out above sufficient to demonstrate that no error was committed by the trial court in overruling defendant's request for the general affirmative charge. Ryan v. State, 100 Ala. 94, 14 So. 868; Hill v. State, 207 Ala. 444, 93 So. 460.

· Every witness for the defendant, including the defendant herself, who testified on the trial of the case as to the facts involved in the killing of deceased, or whose testimony was used, admitted testifying to a contrary state of facts in another trial of the same matter. Few exceptions were reserved to rulings upon the admission or rejection of testimony. None of them involve other than elementary principles of law. Each has been examined and in each instance we find the lower court's action free from error.

The trial court, at much pains, carefully, comprehensively, and accurately outlined and defined all of the issues involved, and his able oral charge, in connection with the large number of written charges given at defendant's request, completely covered correctly every question involved in the case.

[2] The court's refusal to give written charge A requested by defendant was obviously without error. It was proper to overrule defendant's motion for a new trial.

Rarely has a record come before this court so filled with indisputable evidences of a deliberate attempt by a defendant, and those, her witnesses, confederating with her, to thwart the law, and defeat justice. The record shows her to have been tried regularly, fairly, impartially, and without the intervention of any prejudicially erroneous ruling or instruction by the learned trial judge as to the law.

The judgment of conviction is affirmed.

Affirmed.