38 So.2d 576

### SNEAD v. STATE.
### 2 Div. 260.

Supreme Court of Alabama.
Nov. 26, 1948.

Rehearing Denied Feb. 17, 1949.

J. Fred Wood and George White, both of Centreville, for appellant.

LAWSON, Justice.

'Appellant, Buster Snead, alias Buster Sneed, was indicted for the first degree murder of Ellen Mason by a grand jury of Bibb County. Snead was unable to employ counsel, so the trial court appointed two practicing attorneys of the Bibb County Bar to represent him. § 318, Title 15, Code 1940, as amended. Upon arraignment he pleaded not guilty and not guilty by reason of insanity, and was found guilty of murder in the first degree and sentenced to death by electrocution. The appeal here is under the automatic appeal statute. Act 249, Acts 1943, p. 217, approved June 24, 1943, Code 1940, Title 15, §§ 382(1)–382(13).

The evidence for the State shows that during the early hours of the morning of January 14, 1947, this appellant broke into the bedroom of Ellen Mason, where she was sleeping in a bed with her daughter, Mazell Blackmon. It is undisputed in the evidence that appellant cut Ellen Mason several times with an axe while she was still in bed. After the blows were struck, Ellen Mason fell off the bed onto the floor. A deputy sheriff of the county, after being notified of what had occurred, went to the home of Ellen Mason. When he arrived there he saw a Negro woman lying on the floor of the bedroom between the bed and the wall. The floor was

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

bloody. The woman was dead. There were cuts on the head and body. On direct examination this witness testified that he had seen Ellen Mason on one or two previous occasions, but on cross-examination he stated that while he had seen the dead woman on previous occasions, he could not say that he had known her to be Ellen Mason.

■ C. S. Sharper, a mortician, testified for the State. Sharper had not known Ellen Mason personally. On the morning of January 14, 1947, he went to the home of Ellen Mason and removed therefrom the body of a Negro woman, which he prepared for burial. Sharper described the wounds which he found on the body. There was a cut on the forehead which was about five inches wide and which penetrated to the brain. Another cut severed the jugular vein. A portion of one of the fingers had been cut off. The trial court correctly permitted this witness to testify as to the appearance and location of the cuts. Phillips v. State, 248 Ala. 510, 28 So.2d 542, and cases there cited. Sharper was permitted to testify, over the objection of defendant, that in his opinion the wounds which he observed on the head and neck of the dead woman were sufficient to result in death. We are of the opinion that in view of the predicate laid for his testimony and the statement of his experience in observing and examining wounds and the effects thereof on human bodies, the trial court did not err in permitting Sharper to give an opinion as to the fatality of the wounds upon the body which he prepared for burial. As pointed out in the case of Phillips v. State, supra, the question as to whether a witness is shown to possess the requisite qualifications to testify as an expert as to whether wounds were sufficient to cause death is a preliminary question addressed largely to the discretion of the trial court. We cannot say that there was an abuse of the court's discretion in this connection.

■ Appellant contends that there was not sufficient proof of the corpus delicti to justify the admission in evidence of the confession alleged to have been made

by the appellant in that the State did not by direct evidence show that the dead body which was found in the bedroom of Ellen Mason was actually that of Ellen Mason. Proof of death of the person named in the indictment as the result of force unlawfully applied is sufficient as a predicate for the introduction of a confession voluntarily made. Phillips v. State, supra, and cases there cited.

■ Circumstantial evidence may afford satisfactory proof of the corpus delicti and if facts are presented from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible. Johnson v. State, 247 Ala. 271, 24 So.2d 17; McDowell v. State, 238 Ala. 101, 189 So. 183; Hill v. State, 207 Ala. 444, 93 So. 460; Phillips v. State, supra; DeSilvey v. State, 245 Ala. 163, 16 So.2d 183.

■ We think it clear that, aside from the confession of appellant, the evidence in this case, with the legitimate inferences which it was the province of the jury to draw therefrom, if believed by them beyond a reasonable doubt, shows the death of the person alleged to have been killed, Ellen Mason, and that said death was caused by the criminal agency as alleged in the indictment—the corpus delicti. Jordan v. State, 225 Ala. 350, 142 So. 665; McDowell v. State, supra.

■ In Ryan v. State, 100 Ala. 94, 14 So. 868, it was said: "Positive, direct evidence of the corpus delicti is not indispensable to the admissions of confessions. Whenever facts and circumstances are proven from which a jury might legally infer that the offense has been committed, the confessions are admissible. The proven facts and circumstances, and the confessions of the defendant, may then be weighed and considered together; and if, upon the whole evidence, the jury are satisfied beyond a reasonable doubt, both as to the corpus delicti and the identity of the defendant as the guilty perpetrator, it becomes their duty to convict." To like effect is the case of Hill v. State, supra.

We hold, therefore, that there is no merit in appellant's contention that the trial court erred in permitting the State to introduce in evidence the alleged confession of the defendant on the ground that there was not sufficient evidence of the corpus delicti.

■ The predicate as laid by the State was in all respects sufficient to show prima facie that the confession was voluntarily made. There is nothing in the record to show that under the circumstances prevailing at the time the confession was made, when considered with the age, character, and situation of the appellant, that he was deprived of his free choice to admit, to deny, or to refuse to answer. Phillips v. State, supra. It appears that the appellant voluntarily surrendered himself to the officers shortly after the crime was committed, at which time he admitted his guilt. The defendant did not testify. He offered no witnesses in his behalf. Hence, there was no testimony tending to refute the evidence of the witnesses for the State as to the voluntary character of the confession.

■ The trial court did not err in permitting Mazell Blackmon, the daughter of the deceased, to testify as to the injuries which she received at the hands of the appellant on the occasion when her mother was killed. As before indicated, Mazell and the deceased were asleep in the same bed at the time the fatal blows were struck. The attack on this witness was within the res gestae of the crime against her mother and was admissible as shedding light on the acts, motive, and intent of the assailant. Grissett v. State, 241 Ala. 343, 2 So.2d 399; Canty v. State, 244 Ala. 108, 11 So.2d 844; Peters v. State, 240 Ala. 531, 200 So. 404; Granberry v. State, 182 Ala. 4, 62 So. 52.

■ The State, over the objection of the defendant, introduced in evidence a "double-bit axe" with a short handle which the officers identified as one which they had found on a porch of the appellant's home a short time after the homicide. There was blood on the handle and blade of the axe. It was without dispute in the evidence that an axe was the murder weapon. The defendant in his confession admitted that he hit the deceased several times with an axe of the type which was found on his porch, and that he placed the axe on his porch shortly after leaving the home of the deceased. Appellant does not contend that an instrument used in the commission of the crime is inadmissible in evidence when properly identified, but does insist that the axe which was admitted in this case was not shown to have been the one used by the appellant and that, therefore, its admission in evidence was erroneous. We cannot agree with this contention. The facts above set out are sufficient to justify a reasonable inference that the axe which was introduced in evidence was the one with which appellant struck the fatal blows and we think it was properly admitted to the jury for what it was worth. Lewis et al. v. State, 220 Ala. 461, 125 So. 802.

■ Since the evidence showed that shortly after the attack the appellant returned to his home, it was not reversible error for the trial court to permit the State to show by an officer who searched appellant's home within a few hours after the crime that he found there a pair of pants and a shirt with fresh red stains on them. Walker v. State, 139 Ala. 56, 35 So. 1011.

■ The attack upon Mazell Blackmon having been properly admitted in evidence, the county solicitor's statement that "it wasn't his fault he didn't kill two on that occasion" was not improper. Granberry v. State, supra.

■ Inasmuch as there was no evidence introduced in support of the plea of not guilty by reason of insanity, the trial court properly gave the following charge at the request of the State: "If you believe the evidence in this case you cannot find the defendant not guilty by reason of insanity." Pilley v. State, 247 Ala. 523, 25 So.2d 57; Manning v. State, 217 Ala. 357, 116 So. 360.

■ The trial court refused to give several written charges requested by appellant through which he sought to avail

of the principles that operate to reduce the grade of a homicide to manslaughter when the killing is traceable to an act done in sudden anger or the heat of blood, upon adequate provocation. Caldwell v. State, 203 Ala. 412, 84 So. 272. These charges, if correctly drawn for that purpose, which we do not concede, were correctly refused because the evidence for the State made out a case of unprovoked and cold-blooded murder. The defense offered no evidence at all. Hence, if the defendant was guilty, there was absolutely nothing in the evidence to reduce the crime below murder, and the court properly refused all charges relating to manslaughter. Miller v. State, 145 Ala. 677, 40 So. 47; Pinkerton v. State, 146 Ala. 684, 40 So. 224.

In accordance with our duty in cases of this character, we have examined the record for any error, whether pressed upon our attention or not. The testimony in the case abundantly sustains the verdict. The record is free from reversible error and is due to be affirmed. It is so ordered by the court.

Affirmed.

BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.