67 So.2d 280

## DRUMMOND v. STATE.

### 2 Div. 865.

Court of Appeals of Alabama.

Sept. 8, 1953.

Jas. S. Coleman, Jr., Eutaw, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment was as follows:

"The Grand Jury of said County charge that before the finding of this Indictment, John Drummond, whose name is otherwise unknown to the Grand Jury, feloniously took and carried away, one cow, an animal of the cow kind, the personal property of Clifton Thomas, or John Drummond, did buy, receive, conceal or aid in concealing one cow, an animal of the cow kind, the personal property of Clifton Thomas, knowing that it was stolen and not having the intent to restore it to the owner.

"2. The Grand Jury of said County further charges that before the finding of this indictment, John Drummond feloniously took and carried away one cow, the personal property of Clifton Thomas.

"3. The Grand Jury of said County further charges that before the finding of this indictment, John Drummond, did buy, receive, conceal or aid in concealing, one cow, the personal property of Clifton Thomas, knowing that it was stolen and not having the intent to restore it to the owner, against the peace and dignity of the State of Alabama."

On the trial the court gave the general charge as to count 3. The jury returned a verdict of guilty under counts one and two. Defendant was sentenced to serve a year and a day in the penitentiary.

Mr. Clifton Thomas testified he had some cattle in a pasture leased by Banks & Company to Floyd Burns. Three cows were missing from the pasture in February, 1952. A corner post was broken and the fence was down and truck tracks were observed leading into the pasture for about fifty yards to an old spring place. The cattle were branded with a letter "T" on the right hip. Defendant lived a couple of miles from this pasture, and two weeks later witness had a conversation with him in which witness described the cattle and inquired if defendant had seen them. De-

fendant said he had not seen the cows, but told about one brindle cow and from the description given witness concluded it was not his cow.

In July witness went with the Sheriff, Bill Lee and Floyd Burns to defendant's home. Defendant took them to his pasture and showed them a black angus which witness stated was one of his missing cows. It had a "D" branded over the "T" on its hip. Defendant returned the cow to witness. Defendant and witness later had a conversation at witness' home. Defendant asked what could be done about the thing and witness asked why he didn't say he had the cattle when the inquiry was first made to him and defendant answered, "You just had me."

He testified on cross examination defendant told him he found two cows sick or down. This was one of them. The other died.

Sheriff Lee testified defendant first stated he had picked up two cows near his wheat field, which he thought were sick from eating wheat chaff. He nursed one back to health but the other died. He branded the cow, but her hair was so long he didn't see the "T" when he put the "D" on it. This conversation was on Saturday. On Monday witness went back to get the cow, but the cattle were wild, and they couldn't get her. Witness asked defendant to show him where he loaded the cow and defendant first showed him a place by the wheat field but later they got in the car and drove to the old Holmes place and went out into the pasture 150 yards and defendant said that was where he loaded it, down on a bluff just inside the pasture. This was the pasture Mr. Thomas and Mr. Burns were using.

Floyd Burns testified during February, 1952, he and Mr. Thomas were pasturing cows in a pasture belonging to Banks & Company, called the Holmes place. Burns rented the place and Thomas kept his cattle in the pasture and Burns fed and watched after them. The fence was found down before the cattle were missed. Witness was with the Sheriff's party when the cow was located in defendant's pasture. The cow was branded with a "T" and when found a "D" had been branded over the "T." Defendant's brand was "D." The pasture defendant had the cow in was back in the woods, the closest part of the fence to a public road was half a mile.

Defendant did not testify and presented no evidence in his own behalf.

It is insisted that the cow should have been produced as the best evidence of the brand that was on her, and that the court erred in overruling objections to these questions to Mr. Thomas, on the ground that the brand itself is the best evidence of what it was.

"Q. What brand did you see on the cow?"

\* \* \* \* \* \*

"Q. And you said there was another letter across your brand on the cow?"

\* \* \* \* \* \*

"Q. But there was a D over the T, I believe you said?"

■ We conclude it was competent for the witness to testify as to the markings he saw on the cow without producing her in court. Furthermore, there was no dispute in the evidence as to the brand on the cow.

Insistence is made that the corpus delicti was not sufficiently proven to authorize the introduction of the confessory statements of the defendant, and that the "corpus delicti was not proved by evidence independent of the alleged confessions of appellant."

In Ryan v. State, 100 Ala. 94, 14 So. 868, the court observed:

"The rule which prevails in this state is that a conviction should not be had on the extra-judicial confessions of the defendant, unsupported by any corroborating facts and circumstances; proof aliunde of the corpus delicti is required. Positive, direct evidence of the corpus delicti is not indispensable to the admissions of confessions. Whenever facts and circumstances are

proven from which a jury might legally infer that the offense has been committed, the confessions are admissible. The proven facts and circumstances, and the confessions of the defendant, may then be weighed and considered together; and if, upon the whole evidence, the jury are satisfied beyond a reasonable doubt, both as to the corpus delicti and the identity of the defendant as the guilty perpetrator, it becomes their duty to convict." See also Hill v. State, 207 Ala. 444, 93 So. 460; Snead v. State, 251 Ala. 624, 38 So.2d 576.

We are of the opinion there was evidence of the corpus delicti sufficient to authorize the admission in evidence of the defendant's confessions. We are further of the opinion that the evidence presented a question for the jury to determine and was sufficient to sustain the judgment of conviction. No error resulted, therefore, in denying the motion to exclude the State's evidence, in refusing the affirmative charge nor in overruling the motion for a new trial.

The judgment of the trial court is affirmed.

Affirmed.