HARRIS, Judge.
Appellant was convicted of robbery, and the jury fixed his punishment at imprisonment in the penitentiary for a term of 12 years. Prior to arraignment the Court determined that appellant was indigent and appointed counsel to represent him. He pleaded not guilty. After conviction and sentence he gave notice of appeal and was furnished a free transcript. This Court appointed counsel to represent appellant on appeal..
At the time counsel was appointed to represent him at trial appellant was 17 years of age, and he made application to be treated as a Youthful Offender. His application was referred to a probation officer to conduct an investigation and file his report. The probation report revealed that appellant had four felony convictions in Walker County and one felony conviction in Jefferson County. His application for Youthful Offender status was denied.
Appellant attacked the sufficiency of the indictment by a motion to dismiss. The proper mode of reaching defects in an indictment is by demurrer and not by a motion to quash or dismiss. Duncan v. State, 278 Ala. 145, 176 So.2d 840; Flippo v. State, 49 Ala.App. 138, 269 So.2d 155.
The indictment in this case was not subject to demurrer. It was in Code form. Harris v. State, 44 Ala.App. 449, 212 So.2d 695.
The evidence for the State is not disputed. Appellant did not testify or offer any evidence in his behalf.
Mrs. Frances Elizabeth Densmore testified that on October 4, 1974, she owned and operated a grocery store located at 4100 North 29th Street in Birmingham, Jefferson County, Alabama. She stated that around 11:00 a. m. on that date two black males entered the store and robbed her of $900.00. In the store at the time of the robbery were her mother and an elderly gentleman who was a customer. She further testified that one of the men held a pistol on her mother and told her to get *417 down on the floor. Her mother was old and was not able to get on the floor without help. She went to her mother and helped her to the floor. The man with the pistol opened the large cash register and took all the money from it. The other robber, who was the smaller of the two, went to the small cash register and took all the money from this register. She could not tell whether the small man was armed or not. She made a positive in-court identification of appellant as one of the robbers who got the money from the small cash register. Mrs. Densmore stated that appellant and the other robber came in her store the day before the robbery and just looked around the store. She said when appellant got the money from the cash register, he took the currency and rubbed his fingerprints off the register.
On cross-examination Mrs. Densmore stated that appellant was wearing dark • clothes and a dark hat. That the man with the pistol was about six feet tall and had a heavy beard. She stated that it took about five minutes for these men to complete the robbery and the man with the pistol made her, her mother and the customer get on the floor during the robbery. She stayed on the floor a few minutes after the robbers left the store and then she called the Police Department. She further testified that she got a good look at the men for five minutes during the robbery.
Mrs. Bessie Slaughter, the mother of Mrs. Densmore, testified that she was present in her daughter’s store when the robbery occurred; that she was sitting behind the counter when the men came in the store; that one of the robbers pointed a pistol in her face and said, “Lie down, old woman,” and she told him, “I can’t lie down. I can’t get up.” The man with the pistol said, “Don’t make me kill you, old woman, lie down.” Her daughter came to her and said, “Mother, don’t make him kill you, don’t make him kill you,” and helped her to the floor. While she was on the floor, the man held a gun on her. She made an in-court identification of appellant as one of the robbers. At the conclusion of her testimony, the State rested. Appellant offered a motion to suppress the State’s evidence.
On the motion to suppress appellant called Detective Paul Thomas Hurst who testified that he participated in the investigation of the robbery on October 4, 1974. He seated that acting on information received in a telephone call from Mrs. Dens-more he went to 2422 38th Avenue North. He saw appellant enter the house and arrested appellant and advised him he was a suspect in a robbery. He was carried to the City Jail and was later placed in a lineup. He testified as to the description of the men in the lineup as to name, age, height, dress and other characteristics. This description was as close to the description of the suspects as possible. The appellant was read his rights from a “Miranda” card. He further testified that Mrs. Densmore viewed the lineup and identified appellant as one of the robbers. Following the lineup appellant was placed under arrest for the robbery of Mrs. Dens-more’s store on October 4, 1974. He further testified that some photographs of appellant were taken, but he stated that the identification of appellant was not made from any pictures. He stated that he conducted only one lineup. He further testified that some photographs were shown to Mrs. Densmore but appellant was not in any of the pictures shown the victim of the robbery.
Mrs. Densmore testified on the motion to suppress and she said she viewed two lineups but that appellant was not in the first lineup. She stated that he was in the second lineup and she recognized him at the moment she saw him.
There was a conflict in the testimonies of appellant and the co-defendant as to what occurred relative to the lineups. Ap *418 pellant testified that he was placed in two lineups and that he saw Mrs. Densmore at one of them. The co-defendant testified that he was placed in three lineups and that appellant was in all three of them.
Appellant’s motion to suppress was overruled. He made a motion to exclude the State’s evidence on the ground the State failed to make out a prima facie case. This motion too was overruled and denied.
Robbery is the felonious taking of goods or money from the person of another, or in his presence, against his will by violence or by putting him in fear, and such violence must precede or accompany the stealing. Tunstill v. State, 33 Ala.App. 460, 34 So.2d 857; Hardis v. State, 28 Ala.App. 524, 189 So. 216.
If an in-court identification is established by clear and convincing evidence based upon observations of the accused, then prior identification without counsel’s presence does not constitute reversible error. In this case the in-court identification stemmed from an independent origin, a view of appellant at close quarters in broad daylight for at least five minutes at the time he and the co-defendant, at gunpoint, took $900.00 from two cash registers. She observed them take the currency and rub their fingerprints from the registers. Moreover, she saw them in her store the day before and there can be no question of mis-identification. We hold that this is a clear case of an independent origin. Han-non v. State, 48 Ala.App. 613, 266 So.2d 825; Houston v. State, 49 Ala.App. 403, 272 So.2d 610.
An accused is not entitled to counsel at a pre-indictment lineup. Houston v. State, supra; Kirby v. Illinois, 406 U.S. 682,92 S.Ct. 1877, 32 L.Ed.2d 411.
In Young v. State, 283 Ala. 676, 220 So.2d 843, the Supreme Court said:
“Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state’s evidence, the refusal to give the affirmative charge and the overruling of a motion for new trial, does not constitute error. Drummond v. State, 37 Ala.App. 308, 67 So.2d 280; Wade v. State, 24 Ala.App. 176, 132 So. 71.”
We have carefully searched the record and have found no reversible errors. Accordingly, the judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.