Johnny Luke, petitioner, was convicted of the capital offense of "murder by the defendant during a robbery in the first degree or an attempt thereof committed by the defendant." Code 1975, § 13A-5-40 (a)(2). In a separate sentencing phase of the trial, the trial judge sentenced petitioner to death by electrocution. We granted the petition for a writ of certiorari, which petitioner is entitled to as a matter of right, in order to review the decision of the Court of Criminal Appeals affirming petitioner's conviction and sentence of death.
Pursuant to Code 1975, § 13A-5-47 (d), the trial court made written findings of facts summarizing the crime and petitioner's participation in it. The Court of Criminal Appeals, in addition to outlining the proceedings in the trial court, incorporated those written findings in its opinion,444 So.2d 393. They need not be restated here.
Petitioner raises several issues in his brief. We first consider petitioner's argument that the State did not satisfy its burden of proof as to the robbery component *Page 401 
of the capital offense of which he was convicted.
Petitioner asserts that the State's inability to produce direct evidence of a plan to commit robbery, or of an attempt to take or carry away the personal property of the deceased, at the time of the shooting, constitutes a failure of proof by the State. Having carefully considered the opinion of the Court of Criminal Appeals, which we think correctly addressed this issue, we conclude that petitioner's argument is unfounded.
As the appellate court likewise indicated:
. . . it must be considered as settled that inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti.
Hill v. State, 207 Ala. 444, 446, 93 So. 460, 462 (1922);Bridges v. State, 284 Ala. 412, 418, 225 So.2d 821, 826 (1969). Here, petitioner's statements regarding his intent to rob, albeit conflicting, should be considered with those facts and circumstances that are undisputed, though inconclusive.
The facts are undisputed that petitioner and his companion, one of whom was carrying a pistol, entered a small general merchandise store. While they were in the store, alone with the proprietor, the petitioner's companion brought some beer to the check-out counter to be rung up and sacked. Thereafter, the proprietor was fatally shot near the cash register, and petitioner and his companion left the store. Though these facts cannot be regarded as conclusive, they have "a just tendency to lead the mind to the conclusion that the offense has been committed," and would be admissible to corroborate the statements of petitioner. Matthews v. State, 55 Ala. 187, 194
(1876), cited in Hill v. State, 207 Ala. at 446, 93 So. at 462. They are unquestionably typical of the now too frequent convenience store robbery. Therefore, we agree with the conclusion of the Court of Criminal Appeals that the verdict of the jury and the written findings of fact of the trial judge were supported by the evidence.
Petitioner also argues that the sentence of death was imposed under the undue influences of passion and prejudice, that the sole aggravating circumstance found by the trial court was not supported by the evidence, and that the death penalty is unconstitutional. We think these issues were properly addressed by the Court of Criminal Appeals, and, therefore, need no further comment by us.
As required by Rule 39 (k), A.R.A.P., we have searched the record of both the trial phase and the sentencing phase of petitioner's trial for any plain error or defect which "has or probably has adversely affected the substantive rights of the petitioner." We have found no such error. Moreover, having independently weighed the aggravating and mitigating circumstances in this case, we conclude that the trial court's sentence of death was correct under the circumstances of this case, and not excessive or disproportionate to the penalty imposed in other robbery-intentional killing cases.
For the foregoing reasons, we affirm the decision of the Court of Criminal Appeals.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur. *Page 402