Lessie I. Howell was convicted for burglary in the first degree and was sentenced to 30 years' imprisonment. On this appeal from that conviction, she argues that the admission into evidence of her confession was error because the State failed to prove the corpus delicti.
The defendant was convicted of counts I and III of the indictment. Count I charged the commission of first degree burglary *Page 397 
while "armed with a deadly weapon, to-wit: a knife." Count III charged that during the commission of first degree burglary the defendant "did use or threaten the immediate use of a dangerous instrument, to-wit: a screwdriver or other dangerous instrument which is to the Grand Jury unknown."
The victim testified that she was in her bed in the bedroom of her residence when she was assaulted by a man and a woman. According to the victim, the female burglar said, "You better not move, I'll blow your brains out." Sylacauga police detective Wayne Murchison investigated the burglary and testified that the screen on the front door of the victim's house appeared to have been "cut" with a "sharp instrument." In her confession, the defendant stated that during the burglary, her male companion, Roderick McGowan, told the victim "he had a knife."
"[T]he corpus delicti must be established before evidence of any confession of the defendant is admissible." Hines v. State,260 Ala. 668, 671, 72 So.2d 296, 298 (1954). "Circumstantial evidence may afford satisfactory proof of the corpus delicti and where the circumstantial evidence presented supports a reasonable inference that a crime has been committed, a voluntary confession of the crime may be introduced into evidence." Taylor v. State, 276 Ala. 232, 236, 160 So.2d 641,645 (1964). "Circumstantial evidence may afford satisfactory proof of the corpus delicti and if facts are presented from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible." Snead v. State, 251 Ala. 624, 627,38 So.2d 576, 578-79 (1948). "[T]he corpus delicti is a fact, proof of which may be established by circumstantial evidence, and if there is a reasonable inference to prove its existence the court should submit to the jury for consideration the question of the sufficiency and the weight of the evidence tending to support that inference." Hines, 260 Ala. at 671,72 So.2d at 298. " 'Positive, direct evidence of the corpus delicti is not indispensable to the admissions of confessions. Whenever facts and circumstances are proven from which a jury might legally infer that the offense has been committed, the confessions are admissible.' " Snead, 251 Ala. at 627,38 So.2d at 579 (quoting Ryan v. State, 100 Ala. 94, 95, 14 So. 868
(1894)).
 "It is a well-settled rule that a confession is not admissible until the corpus delicti is first proven. But if any facts are shown from which the jury may reasonably infer that the crime has been committed, any other evidence tending to implicate the accused is thereby rendered admissible.
"It is also settled that —
 " 'Inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti.' Hill v. State, 207 Ala. 444, 93 So. 460; Matthews v. State, 55 Ala. 187; Ryan v. State, 100 Ala. 94, 14 So. 868; 16 Corpus Juris, § 1514, p. 737."
Arthur v. State, 19 Ala. App. 311, 312, 97 So. 158, 159 (1923). See also Ratliff v. State, 212 Ala. 410, 412, 102 So. 621, 623
(1924). "While a confession is inadmissible as prima facie proof of the corpus delicti, it can be used along with other evidence to satisfy the jury of the existence of the corpus delicti." Bracewell v. State, 506 So.2d 354, 360
(Ala.Cr.App. 1986). See also Watters v. State, 369 So.2d 1262,1271-72 (Ala.Cr.App. 1978), reversed on other grounds,369 So.2d 1272 (Ala. 1979). "Independent evidence of the corpus delicti
need not be of such probative strength as that such evidence, standing alone, in the opinion of the trial or appellate court, would, ought to or probably would satisfy a jury beyond a reasonable doubt of the existence of the corpus delicti." C. Gamble, McElroy's Alabama Evidence § 304.01 (3d ed. 1977) (footnote omitted). *Page 398 
Here, the circumstantial evidence was sufficient, independent of the confession, to establish a reasonable inference of the corpus delicti of the first degree burglary as charged in the indictment. See Johnson v. State, 473 So.2d 607, 609
(Ala.Cr.App. 1985).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.