4 So.2d 201

## REYNOLDS v. STATE.

### 6 Div. 503.

Court of Appeals of Alabama.
June 30, 1941.

Rehearing Denied Oct. 7, 1941.

Beddow, Ray & Jones, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

PER CURIAM.

From a judgment of conviction for the offense of being a vagrant, this appeal was taken, the appeal being also from the judgment of the court overruling defendant's motion for a new trial.

The trial was upon a complaint filed by the Solicitor wherein defendant was charged, as stated, with the offense of being a vagrant, the complaint being based upon subdivisions 6 and 13, of Section 5571, Code 1923, Code 1940, Tit. 14, § 437(6), (13). Subdivision 6, declares that a professional gambler is a vagrant; and subdivision 13, declares, "Any person over the age of twenty-one years, able to work, and who does not work, and who has no property sufficient for his support, and has not some means of a fair, honest, and reputable livelihood, is a vagrant."

We have read and considered this record with care, and are of the opinion it is unnecessary to specify and discuss, separately

and severally, the large number of assignments of error presented and insisted upon by appellant. Suffice it to say, however, that a number of these insistences appear to be well taken.

The contention of the State that there was sufficient evidence against the defendant to show that the defendant was a professional gambler, and therefore a vagrant, to justify the submission of that question for the determination of the jury appears to us to be without substantial foundation. This identical question appears to have been decided by this court adversely to the State in the case of Reynolds v. State, 29 Ala.App. 139, 193 So. 192, upon substantially the same state of facts as is presented by this record. While it may be that the testimony offered by the State tended to show that someone had carried on or represented a lottery in Jefferson County, Alabama, within 12 months preceding the commencement of this prosecution, there is no sufficient evidence shown by this record connecting this appellant with said lottery which would authorize or justify his conviction in the court below. Reynolds v. State, supra.

It is insisted by the State that the defendant made inculpatory statements sufficient to prove the corpus delicti. The rule governing the admissibility of this character of testimony is that the corpus delicti must be established to the satisfaction of the court by evidence sufficient to make out a prima facie case of guilt as a predicate for the introduction of evidence of a confession, or of an inculpatory admission, directly connecting the confessor with the crime charged. Braxton v. State, 17 Ala.App. 167, 82 So. 657. Testimony of the city detectives, or of a deputy sheriff, as to incriminating statements made by the defendant without proof of his having committed the offense, was inadmissible and prejudicial to defendant.

The pertinent and necessary questions of fact that the defendant was over 21 years of age and that he was able to work were not controverted. They were admitted by the defendant. The evidence introduced upon the trial of the case in the court below shows without substantial dispute that during the 12 months before the beginning of this prosecution the defendant was interested in and worked at a filling station; that he worked for Joe Denaburg, or Levy Loan Company, a part of the time; that he owned four horses and a pony; that these horses were saddle horses; that he owned and operated a poultry farm known as and called the "Shades Poultry Farm" at his home; that his wife owned the home; that he had from 1,200 to 1,500 chickens on his poultry farm at the time of the trial and from 400 to 700 chickens between October 4, 1937, and October 4, 1938, the period covered by the indictment. It, therefore, appears without substantial dispute that during the time covered by the complaint the defendant not only worked, but that he had some means of a fair, honest and reputable livelihood and property for his support. Wallace v. State, 16 Ala.App. 85, 75 So. 633.

There are other reversible errors in this case, but we see no necessity to prolong this opinion. The rulings of the trial court were not in accord with what we have said. The trial court erred in refusing to defendant the general affirmative charge, properly requested, and also committed error to reversal in overruling and denying defendant's motion for a new trial. Snitzer v. State, 29 Ala.App. 597, 199 So. 745.

Reversed and remanded.