## 31965.   HAGANS *v.* THE STATE.

DECIDED MAY 21, 1948.   REHEARING DENIED JULY 26, 1948.

514

Raymond W. Martin, for plaintiff in error.

L. M. Wyatt, Solicitor-General, contra.

MacIntyre, P. J. The defendant, W. T. Hagans, was tried and convicted under an indictment charging him with the offense of possessing non-tax-paid liquor. He moved for a new trial, which motion was overruled and he excepted.

"Generally 'voir dire' denotes the preliminary examination which the court may make of one presented as a juror, where his competency or qualifications are objected to." *Croft* v. *State,* 73 *Ga. App.* 318 (1) (supra). "In trials for misdemeanors there is no right to examine a juror upon his *voir dire* without first challenging him and assigning a cause of challenge." *Schnell* v. *State,* 92 *Ga.* 459 (2) (supra). Challenges are, generally speaking, of two sorts: challenges to the array and challenges to the poll. Challenges to the array go to the form and manner of making up the entire panel of jurors without regard to the objection to the individual jurors who compose it; while challenges to the poll are directed solely to the objection which is inherent in the individual juror. A challenge to the poll may be either (1) peremptory or (2) for cause. A peremptory challenge is a species of challenge to a certain number of jurors for which no reason need be given, but upon which the court must exclude the juror. The challenge for cause is in one or two forms: (1) for principal cause, or (2) to the favor. *Mitchell* v. *State,* 69 *Ga. App.* 771, 776 (supra).

A challenge to the poll for principal cause is based on alleged facts from which, if proved to be true, the juror is conclusively presumed to be incapacitated to serve. Thus, the question principally raised is one of law and is to be decided by the court. Such decision is subject to review. *Mitchell* v. *State,* supra, p. 777. A proper challenge for principal cause may be: "I challenge the individual juror (naming him), for principal cause and assign as the reason for my challenge that (state specifically the reason)." See, in this connection, the grounds or reasons of challenges for principal cause in *Mitchell* v. *State,* supra.

A challenge to favor is based on circumstances raising a suspicion of the existence of actual bias in the mind of the juror for or

against the party, as for undue influence or for prejudice, which essentially raises a question of fact that under the common law was decided by triors (not the court), whose decision was final and conclusive; but under our system the court is substituted for the triors and the court's decision on a challenge to favor is likewise final and conclusive "as to the credibility of the proof." *Costley* v. *State,* 19 *Ga.* 614 (2); *Mitchell* v. *State,* supra. A proper challenge to the favor for undue influence or for prejudice may be: "I challenge the individual juror (naming him), for favor and assign as the reason for my challenge that (state specifically the reason); *and I request that the juror be put upon the court as the trior."* See, in this connection, *Croft* v. *State,* supra; *Mitchell* v. *State,* supra.

The objection to the jurors in the instant case was a written demand, as follows: "Now come the defendants and demand a new panel of jurors to strike from, since the jury now empaneled to try case, heard a jury pass on the identical issue and heard testimony delivered under oath on the same issues in condemnation case involving same issues."

Such written demand is in the nature of a challenge to the array; and this is not the proper method of raising the question of the disqualification of individual jurors. "It is possible that a challenge to the array would be overruled where the entire panel was composed of persons who would be subject to challenge to the polls; and, on the other hand, a panel made up of jurors not subject to any challenge to the polls might be set aside on a challenge to the array. A challenge to the array goes to the form and manner of making up the panel, without regard to the objections to the individual jurors which compose it; while the challenge to the poll is directed solely to an objection which is inherent in the individual juror." *Humphries* v. *State,* 100 *Ga.* 260, 262 (28 S. E. 25).

If the panel here objected to contained any jurors who were subject to challenge for cause, the proper method of objecting to such jurors would have been to make challenges to the polls. If the matter of the challenges was good at all it would not set aside the panel, but would be available only by challenges to the polls —to each individual juror by name—for cause.

There are three special grounds in the motion for a new trial,

all relating to the disqualification of jurors. None of the grounds properly raises the question of the qualification of the jurors attempted to be challenged; nor is any State or Federal constitutional question properly raised in any of these grounds. We hold that there is no merit in any of such special grounds.

The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*