41 So.2d 194

**KENT v. STATE.**

**6 Div. 800.**

Court of Appeals of Alabama.
May 10, 1949.

Rehearing Denied May 24, 1949.

P. A. Nash, of Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

CARR, Judge.

The indictment in this case charges the offense of disposing of property on which there was a valid lien. Title 14, Sec. 363, Code 1940.

The property involved is one bale of cotton on which a landlord had a lien for rent. It is without dispute in the evidence that the cotton in question was raised on the rented farm.

The defendant testified that he carried the cotton to the gin, but never did see it or possess it in any manner after delivering it to the ginner to be baled. In other words, he denied that he sold or otherwise disposed of the property.

A warehouseman testified that on November 23, 1946, the appellant stored a bale of cotton in his warehouse and as evidence of the fact he issued a receipt and delivered it to the defendant; that subsequently the cotton was shipped to C. W. Shepard and Company.

Mr. Carr, a cotton buyer, was shown his check which was paid by the bank and charged to his account. The check was made payable to E. K. Kent and endorsed by the payee. The witness testified that this instrument was in payment of a bale of cotton which he bought and later shipped to C. W. Shepard and Company. He stated that the warehouse receipt was furnished him and this was delivered to the company to which he sold the cotton.

When the State had rested its case in chief, the defendant moved to exclude the evidence. This motion was denied.

In support of the position that this motion should have been granted, it is urged that at this time in the proceedings there was no proof that the cotton was raised on the rented premises. There is no merit in this position. This fact was clearly inferable from the evidence. Layfield v. State, 27 Ala.App. 437, 173 So. 654.

The general affirmative charge was properly denied ·the appellant.

The removal or sale of the property by the accused with knowledge of the existence of the rent lien raised a presumption that the appellant intended to defraud the lienor. May v. State, 115 Ala. 14, 22 So. 611; Courtney v. State, 10 Ala.App. 141, 65 So. 433.

We hold, also, that the lower court was not in error in denying the motion for a new trial. Couch v. State, 31 Ala.App. 586, 20 So.2d 57; Freeman v. State, 30 Ala. App. 99, 1 So.2d 917.

The trial judge did not allow proof that the landlord denied the appellant the right to use the former's mules with which to haul the cotton to the gin. The defendant claimed the right to use the mules by virtue of the sharecropper agreement.

This contention was clearly beside the factual issues in the case at ·bar. The appellant denied that he sold the bale of cotton, and his defense centered around this disputed fact.

The State failed to prove the value of the cotton, and the jury did not fix any amount of value in its verdict. This omission related to a material inquiry. The punishment under the statute is controlled by a finding of whether or not the offense was grand or petit larceny.

In the case of Luker v. State, 23 Ala.App. 379, 125 So. 788, the accused was indicted and tried for grand larceny. The jury returned this verdict: "We the jury find the defendant guilty of grand larceny as charged in the indictment." This court held that this was a general verdict and that it would support the judgment and sentence rendered by the court.

It is to be noted in the Luker case that there was proof that the property involved exceeded $25.00 in value.

We think that in the case at bar the difficulty that confronts us is obviated by the application of the doctrine that courts will take judicial notice of what is common knowledge.

In the case of South Carolina Cotton Growers' Co-Op. Ass'n v. Weil et al., 220 Ala. 568, 126 So. 637, 641, the Supreme Court observed:

"On the principle that it is customary for courts to take judicial notice of what is or ought to be generally known, we feel safe in holding that the courts take judicial knowledge that the price of cotton, as fixed by sales on the New York Cotton Exchange, is relevant to and influences the market price of spot cotton generally."

See also, 31 C.J.S., Evidence, § 101, page 705.

The proof in the instant case shows that the bale of cotton weighed 452 pounds. There is no evidence as to its grade.

We hold that the court will take judicial notice that a bale of cotton of the indicated weight had a value greater in amount than $25 on the open market in November 1946.

We do not wish to be understood as holding that the courts will take judicial notice of the actual value of cotton as it is declared and fixed by the market from time to time.

In the instant case the jury returned a general verdict of guilt. The court fixed the punishment at one year and one day in the state penitentiary. Under the doctrine we have discussed, we entertain the view that the action of the court was authorized.

In the opinion in the case of Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885, we cited authorities which will illustrate the propriety of the refusal of charge number 8. See also, Waller v. State, 32 Ala.App. 586, 28 So.2d 815; Bankhead v. State, 33 Ala.App. 269, 32 So.2d 814; Brown v. State, 33 Ala.App. 97, 31 So. 2d 670.

Refused charge number 10 contains a typographical error. We are not authorized to charge error to the lower

court for the refusal of a written instruction that is unintelligible. Louisville & N. R. Co. v. Lile, 154 Ala. 556, 45 So. 699; Badger et al. v. Hollon, 27 Ala.App. 534, 175 So. 700; Walker v. State, 33 Ala.App. 614, 36 So.2d 117.

■ There was no error in refusing charge number 11. Waller v. State, 32 Ala. App. 586, 28 So.2d 815; Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804; Robinson v. State, 243 Ala. 684, 11 So.2d 732.

We have responded to all questions of meritorious concern.

The judgment of the lower court is ordered affirmed.

Affirmed.

BRICKEN, P. J., not sitting.

On Rehearing

CARR, Judge.

Out of deference to insistence of counsel, we will extend our original opinion.

Therein we stated that it is without dispute in the evidence that the cotton in question was raised on the rented farm. By this we did not mean to infer that the appellant admitted that he sold the bale of cotton. It is without dispute that the bale of cotton, for the sale of which the prosecution is predicated, was raised on the rented farm. The appellant testified that he carried the bale of cotton to the gin, but denied that he ever sold it.

The warehouseman testified:

"Q. During the year 1946, did Mr. Kent store any cotton in your warehouse? A. Yes, sir. * * *

"Q. Will you give us the date of the storage of it? A. On 11–23, 46, bale No. 47822, weight 452, weighed in the name of E. K. Kent.

"Q. Did the Oneonta Warehouse, did they issue a receipt, a warehouse receipt for that bale of cotton? A. Yes, sir. * * *

"Q. Has that warehouse receipt ever been surrendered by any person to that warehouse and gotten shipment? A. Yes, sir. On 2–23–27 (sic) it was shipped to Charles W. Shepard and Company."

Clearly, this testimony supports our original statement with reference to what the warehouseman testified, with the exception that we should have used the words "Mr. Kent" instead of "appellant." The witness testified that he did not know the appellant personally and could only say that the cotton was stored in his name.

It is insisted in brief that there is no evidence to warrant our summary of Mr. Carr's testimony. In this aspect the record shows:

"Q. I will ask you to take this check and examine that check, please sir. Is that check charged to your account. (Handing a paper to witness.) Was it paid by your bank and charged to your account? A. Yes, sir. * * *

"Q. And the endorsement on the back of E. K. Kent is just like it was when you received it? A. Yes.

"Q. It was made payable to E. K. Kent? A. Yes, sir.

"Q. Did you receive the warehouse receipt on that bale of cotton, Mr. Carr? A. Yes, sir, I received the warehouse receipt.

"Q. What became of that receipt? A. I sold the cotton and it went on—

"Q. Do you remember to whom you sold the cotton to? A. C. W. Shepard and Company."

■ The fact that the trial judge did not permit appellant's counsel to examine a witness on vior dire with reference to his knowledge of some records addressed itself to the court's discretion. In response to this request the judge stated: "You can cross examine at the proper time." The witness answered on direct examination that he could not determine without considerable checking of all his books how many bales of cotton Mr. Kent stored in his warehouse. The request for voir dire examination related to this inquiry.

Clearly, the appellant was not in any manner injuriously deprived of his rights in this aspect of the proceedings.

The other insistences made on application for rehearing were fully discussed in our original opinion.

Application for rehearing overruled.

BRICKEN, P. J., not sitting.