88 So.2d 580

**Lennell STEWART**

v.

**STATE.**

**6 Div. 212.**

Court of Appeals of Alabama.

May 29, 1956.

Rehearing Denied June 19, 1956.

Russell & Russell, Tuskegee, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

John Patterson, Atty. Gen., and Robt. Straub and Robt. G. Kilgore, Jr., Asst. Attys. Gen., for the State.

Morel Montgomery, Birmingham, for appellant.

PRICE, Judge.

Under an indictment charging assault with intent to murder his wife, Joyce Stewart, appellant was found guilty by a jury and his punishment fixed by the court at ten years imprisonment in the penitentiary.

For the State Mary Regulus testified Joyce Stewart was her daughter. Witness, the Stewarts and Milton Hunter, Joyce Stewart's four year old son by a former marriage, all lived together in Birmingham. About 3:00 o'clock on the morning of February 28, 1955, witness was awakened by appellant entering the house by the back door. Shortly after he went into his bedroom and closed the door, she heard Joyce scream "Mama," followed by the sound of a gunshot. Witness entered the bedroom and saw her daughter on her knees in the bed, waving her hands into the air. Defendant was sitting on a sewing machine, used as a bedside table, at the head of the bed, with the gun pointed toward the bed. The little boy was in bed with his Mother. Witness inquired as to what was wrong. Joyce Stewart answered, "Lennell has shot me."

The State's evidence was to the effect that only one shot was fired, which struck Joyce Stewart in the palm of her left hand, and also struck her little boy, Milton Hunter, in the left eye.

Dr. Dick Harris testified he treated Joyce Stewart and the little boy at the Jefferson-Hillman Hospital. The child had a bullet wound, with point of entry almost squarely in the center of the left eye and no visible exit. The eye was removed and the bullet was found lying just below the carotid artery on the right side of the neck. The doctor also treated Joyce Stewart for a wound in palm of the left hand.

Police officer, C. B. McDavid, testified he was called to defendant's home on the morning of February 28, and arrested defendant. After proper predicate was laid the officers stated defendant said he shot his wife and her little boy. The defendant had a wound on the first finger of his left hand on which there were powder burns. Defendant stated he and his wife were "grappling over the gun" and his finger was shot at the same time the injuries were inflicted on Joyce Stewart and Milton Hunter.

Defendant introduced no evidence.

After the State had begun the examination of Mary Regulus, counsel for defendant requested permission to examine her on voir dire. The court denied the request.

The disallowance of voir dire examination of a witness is within the sound discretion of the court, and such discretion will not be revised on appeal unless it clearly appears to have been improperly exercised. Kent v. State, 34 Ala.App. 443, 41 So.2d 194. We find no abuse of discretion here. The court instructed the witness she was to testify as to what she knew of her own knowledge, and counsel had the opportunity of cross-examination.

The evidence as to the extent and character of the injury to the little boy was admissible, Gallant v. State, 167 Ala. 60, 52 So. 739, and there was no error in permitting the physician to testify concerning the child's injury.

The following colloquy between the trial court and defense counsel appears in the record, on the question of the admissibility of the physician's testimony concerning the child's injury:

"The Court: It may or may not shed light on the question of whether it went through the women's hand into the head of the child. I think it has relevancy. I don't say it would prove it. And, also, I think it would show the direction, to see how the bullet entered the child's head and the course of the bullet. Overrule the objection.

"Mr. Montgomery: We except. We object and take exception to Your Honor's statement.

"The Court: What I said, gentlemen of the jury, is not evidence.

500

"Mr. Montgomery: We object and except to your singling out parts of purported evidence, or parts of evidence, some of which is evidence and some of which is not. We object and except to Your Honor's conclusions and mental operation.

"The Court: I am not expressing any conclusion. I will leave that to the jury. I am trying to express my reason to the counsel. I am not trying to influence you. That is your province and not mine.

"Mr. Montgomery: We except to Your Honor's statement. You understand, I am just the attorney trying the case, and I have got to get it in the record, and you and I are not falling out, or anything.

"The Court: Don't take up too much time.

"Mr. Montgomery: You don't mean by my taking an objection and exception?

"The Court: You can make it shorter, if you can.

"Mr. Montgomery: We object to Your Honor's remarks that I am taking up too much time.

"The Court: Go ahead.

"Mr. Montgomery: We except."

We find no merit in counsel's insistence that, "This is an argument of the evidence by the court, a trial judge's conclusion of fact, the singling out of evidence. This is cause for reversal."

■ Appellant's contention that the bullet introduced in evidence was not properly identified is without merit. Prior to its admission Dr. Harris testified that he didn't know whether it was the one which he took from the little boy's head, but that the bullet removed from the child's head was turned over to officer Prier. Officer Prier testified Dr. Harris gave him the bullet and that it had been in his possession since that time.

■ ■ It is insisted by counsel for defendant that the only evidence tending to show the commission of the offense by defendant was the statement by Mary Regulus of Joyce Stewart's exclamation that

"Lennell has shot me." There was no evidence showing that defendant, unlawfully, and with malice aforethought, assaulted Joyce Stewart with the intent to murder her, therefore, the corpus delicti was not proven, and the confession was improperly admitted.

"The rule governing the admissibility of this character of testimony is that the corpus delicti must be established to the satisfaction of the court by evidence sufficient to make out a prima facie case of guilt as a predicate for the introduction of evidence of a confession, or of an inculpatory admission, directly connecting the confessor with the crime charged. Braxton v. State, 17 Ala.App. 167, 82 So. 657." Reynolds v. State, 30 Ala.App. 256, 4 So.2d 201.

When the State shows an assault by defendant with a deadly weapon in sufficient proximity to inflict a deadly wound, a prima facie case is made out, unless the evidence which proves the attempt to kill overcomes its prima facie proof. Ray v. State, 147 Ala. 5, 41 So. 519.

"Circumstantial evidence may afford satisfactory proof of the corpus delicti; and if any facts are shown from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible." Hill v. State, 207 Ala. 444, 93 So. 460, 461. See also Phillips v. State, 248 Ala. 510, 28 So.2d 542; Johnson v. State, 242 Ala. 278, 5 So.2d 632.

The facts and circumstances proven by the State were sufficient to justify the admission of defendant's confession.

"It is incumbent upon the state to prove that the assault was committed with the intent to murder; but, like malicious intent in murder, it may be inferred by the jury from the character of the assault, the use of a deadly weapon, and the other attendant circumstances. Walls v. State, 90 Ala. 618, 8 So. 680." Ray v. State, supra [147 Ala. 5, 41 So. 520]. See also, Sparks v. State, 261 Ala. 2, 75 So.2d 103.

And, "inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admis-

sions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances standing alone, would not thus satisfy the jury of the existence of the corpus delicti." Hill v. State, supra; Ryan v. State, 100 Ala. 94, 14 So. 868; Bryant v. State, 33 Ala. App. 346, 33 So.2d 402. The trial court did not err, therefore, in refusing the affirmative charges requested by appellant.

No grounds were assigned in support of the defendant's motion to exclude the evidence and discharge the defendant. Garner v. State, 34 Ala.App. 551, 41 So.2d 634.

Requested charge "C" was properly refused. It pretermits the court's obligation to charge the applicable law to the jury, and is otherwise faulty.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Affirmed.