266 So.2d 619

**STATE of Alabama**

**v.**

**John WILBANKS.**

**5 Div. 869.**

Supreme Court of Alabama.

Oct. 9, 1969.

Rehearing Denied Feb. 5, 1970.

MacDonald Gallion, Atty. Gen., and Mylan Mooneyham, Asst. Atty. Gen., for petitioner.

Goodwyn, Smith & Bowman, Montgomery, Beddow, Embry & Beddow, Birmingham, and Howard & Dunn, Wetumpka, opposed.

PER CURIAM.

On petition of the State a writ of certiorari was issued out of this court to the Court of Appeals of Alabama to enable this court to review the opinion and judgment of the Court of Appeals in the case of Wilbanks v. State, 48 Ala.App. 540, 266 So.2d 609, decided by the Court of Appeals on June 25, 1968, rehearing denied August 13, 1968.

Wilbanks, on his second trial, was convicted of voluntary manslaughter in the Circuit Court of Elmore County. The judgment of conviction was reversed by the Court of Appeals and the cause was remanded. It is that judgment which we are called upon to review in this proceeding.

In its petition for writ of certiorari, the State asserts that the Court of Appeals erred:

"(1) * * * in holding that the confiscation of the defendant's rifle and cartridges were the result of an illegal search and seizure.

"(2) * * * in holding that the trial court erred when it denied the defendant's request to examine Sheriff Holley on voir dire relating to the taking of the rifle and cartridges.

"(3) * * * in holding that the defendant was compelled to do an affirmative act, that of obtaining the rifle and cartridges, without first being warned that the affirmative act could result in evidence that could be used against him."

With all due deference to the scholarly author of the opinion of the Court of Appeals here under review, we feel constrained to say that we are not certain as to the exact ground or grounds upon which the Court of Appeals reversed the judgment of the Circuit Court of Elmore County.

We believe, however, that the State is justified in construing the opinion of the Court of Appeals as basing its judgment of reversal on the grounds relied upon in the State's petition for writ of certiorari.

■ If the Court of Appeals held that the trial court erred to a reversal in permitting the State to show that Sheriff Holley obtained the rifle and cartridges from Wilbanks on the ground that the manner in which he obtained them was in violation of the provisions of the Fourth Amendment to the Constitution of the United States, we disagree with that holding.

The rifle and cartridges were obtained by Sheriff Holley on the evening of July 3, 1960. The first trial of Wilbanks began on November 16, 1960, and was concluded on November 21, 1960. At the first trial the rifle and cartridges were admissible, even if it be assumed that they were obtained by an unlawful search and seizure.—Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782; Duncan v. State, 278 Ala. 145, 176 So.2d 840, and cases cited.

But the *Wolf case, supra,* was overruled by the Supreme Court of the United States on June 19, 1961, in the case of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933, in so far as *Wolf* held that the provisions of the Fourth Amendment to the Constitution of the

United States did not make inadmissible evidence secured as a result of an unlawful search and seizure. Thus the federal exclusionary rule as promulgated in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, was made applicable in the courts of those states, including Alabama, which had not previously adopted the exclusionary rule.

The Court of Appeals reversed the first judgment of conviction of Wilbanks on November 6, 1962. Rehearing was denied on January 8, 1963.—42 Ala.App. 39, 151 So.2d 741. We denied certiorari on April 4, 1963.—275 Ala. 701, 151 So.2d 744. Wilbanks' second trial began on November 16, 1964, and was concluded on November 23, 1964, with another judgment of conviction. So Wilbanks' second trial came long after the *Mapp* decision.

However, on June 7, 1965, the Supreme Court of the United States in Linkletter v. Walker, Warden, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, held that the holding in *Mapp,* referred to above, did not operate retrospectively upon cases finally decided in the period prior to Mapp.

■ But *Linkletter* did not decide the question as to whether the exclusionary rule enunciated in *Mapp* applies to post-*Mapp* retrials in cases originally tried prior to that decision. We are not advised of any decision of the Supreme Court of the United States on that precise question. We believe, however, that the decision of the Supreme Court of the United States in the case of Jenkins v. State of Delaware (June 2, 1969), 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253, is authority for the holding that the *Mapp* exclusionary rule does not apply to post-*Mapp* retrials in cases originally tried prior to that decision.

In *Jenkins, supra,* the Supreme Court of the United States held that the standards for determining the admissibility of in-custody statements delineated in Miranda v. State of Arizona, 384 U.S. 436, 86

S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), do not apply to post-*Miranda* retrials of cases originally tried prior to that decision. We cannot conceive of any reason why a different rule would apply to post-*Mapp* retrials.

We hold, therefore, that nothing said by this court in Duncan v. State, *supra*, concerning the holding of the Supreme Court of the United States in *Mapp, supra,* can operate to make inadmissible the testimony of Sheriff Holley concerning the procurement by him of the rifle and cartridges on the evening of July 3, 1960. If the Court of Appeals so held, it erred, in our opinion.

■ The first ground of the State's petition filed in this court is, in our opinion, sufficiently broad to question the apparent holding of the Court of Appeals that the trial court erred in permitting Sheriff Holley to give testimony concerning the procurement of the rifle and cartridges in the presence of the jury in view of the holding of the Supreme Court of the United States in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205. We doubt very seriously that the facts quoted in the opinion of the Court of Appeals actually present any question concerned in Jackson v. Denno, *supra.* But in any event, we must disagree with the statement in the opinion of the Court of Appeals that this court "since Duncan v. State, 278 Ala. 145, 176 So.2d 840, has tended to put the burden on the trial judge, ex mero motu to withdraw the jury, hear the voir dire, and expressly rule. Smith v. State, 282 Ala. 268, 210 So.2d 826 (March 14, 1968); Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593."

The *Smith case* (4 Div. 214), Smith v. State, 282 Ala. 268, 210 So.2d 826, does reflect the fact that this court has entertained some doubt as to whether or not the Supreme Court of the United States may ultimately hold that it is reversible error for the trial court to determine the question of admissibility of a confession in the presence of the jury, although no request was made by the defendant or his counsel for the jury to be excluded. The *Smith case, supra,* was reversed and we did call to the attention of the trial court the case of Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593, and we quoted from *Sims.* The quotation from *Sims* set out in *Smith* does not contain a direct holding of the Supreme Court of the United States on the question involved, but we deemed it advisable to call the *Sims* case to the attention of the trial court in view of the possibility of another trial. The view of this court in regard to Jackson v. Denno is set out in our recent case of Vincent v. Alabama, 284 Ala. 242, 224 So.2d 601, where we said:

"While the better practice is for the trial court to initially hear evidence on the question of the voluntariness of a confession outside the presence of the jury, Duncan v. State, 278 Ala. 145, 176 So.2d 840, 849 [23] [30], we find no reversible error in the instant case because here, as in Duncan v. State, supra, there was no request for a hearing outside the presence of the jury and there was no conflict in the evidence on the main trial. Duncan v. State, supra, [22]."

We come now to a consideration of the second ground of the State's petition for certiorari, which is to the effect that the trial court erred in denying the request of Wilbanks' counsel to be permitted to examine Sheriff Holley on voir dire "relating to the taking of the rifle and cartridges."

It seems clear from the response of the Court of Appeals to the State's application for rehearing that the Court of Appeals considered such action of the trial court to constitute reversible error.

Generally, "voir dire" denotes the preliminary examination which a court makes of one presented as a juror or witness. —Springdale Park v. Andriotis, 30 N.J.

Super. *257*, *104* A.2d *327*; Hagans v. State, *77* Ga.App. *513*, *48* S.E.2d *700*; State v. Lloyd, *138* Wash. 8, *244* P. 130; State v. Fox, *197* N.C. *478*, *149* S.E. 735.

However, it has been the practice in this state for counsel to interrupt the direct examination of a witness and ask to be permitted to examine him on "voir dire" and that seems to have been what counsel for Wilbanks did in the trial in the circuit court. And as we have indicated above, the refusal of the trial court to grant such request has been held by the Court of Appeals to constitute reversible error. This holding, in our opinion, runs directly counter to the holdings of the Court of Appeals in Stewart v. State, *38* Ala.App. *497*, *88* So.2d 580, and in Kent v. State, *34* Ala.App. *443*, *41* So.2d 194. The holding of the Court of Appeals in Young v. State, *41* Ala.App. *284*, *130* So.2d *249*, is not in conflict with the holdings of that court in *Stewart* and *Kent*, *supra.*

We have found no decision of this court or the Court of Appeals wherein it has been held reversible error for the trial court to refuse to permit the interruption of the examination of a witness on direct to permit counsel for the defendant to examine the witness on "voir dire."

■ We hold, therefore, that the Court of Appeals erred in holding that the trial court erred in refusing the request of counsel for the defendant to interrupt the direct examination of the witness Holley in order to examine him on "voir dire."

The third ground of the State's petition for writ of certiorari is well taken. At the time of the deliverance of the opinion of the Court of Appeals here under review, our opinion in the case of Hubbard v. State, *283* Ala. *183*, *215* So.2d 261, delivered on June 13, 1968, rehearing denied on July 25, 1968, was in effect. We doubt seriously whether the holding in that opinion would apply to the facts set out in the opinion of the Court of Appeals here under review, but that question

we need not decide inasmuch as on November 7, 1968, on further rehearing, we overruled our holding in the Hubbard opinion delivered on June 13, 1968.

If we have correctly interpreted the holding of the Court of Appeals in the opinion here under review, we are constrained to the conclusion that that court erred in reversing the judgment of the Circuit Court of Elmore County.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Criminal Appeals for further proceedings in that court.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL, BLOODWORTH and MADDOX, JJ., concur.

SIMPSON and COLEMAN, JJ., dissent.

COLEMAN, Justice (dissenting):

As I understand the opinion of the Court of Appeals, the judgment was reversed because the trial court denied defendant's request for voir dire hearing and ruling by the trial court, outside the presence of the jury, to determine whether defendant's rifle and cartridges were admissible into evidence. As to this holding, I am not persuaded that a prima facie showing of error by the Court of Appeals has been made.

Apparently, the gun and ammunition are evidence which tends to incriminate the defendant. Defendant's request for a "voir dire" hearing to determine the admissibility of the gun is similar to a request for a preliminary hearing to determine the admissibility of a confession taken from defendant. The gun was taken from defendant and a confession is always taken from defendant, sometimes lawfully, sometimes otherwise. The reason for a preliminary hearing with respect to a confession is to permit the court to determine, outside the presence of the jury, whether the confes-

sion was taken from the defendant lawfully. The same reason operates to require that preliminary examination be made to determine whether the gun was lawfully taken from defendant. In either case, if the taking was unlawful, the evidence should not be permitted to go to the jury.

If a confession is unlawfully taken from defendant and presented to the jury, defendant's constitutional right not to be compelled to give evidence against himself is violated. If the gun was taken by means of an unreasonable search and seizure, defendant's constitutional right to be secure in his person and possessions is violated. As it seems to me, if defendant is entitled to make a preliminary inquiry as to the voluntariness or lawfulness of the manner of obtaining a confession, the defendant is also entitled to make a preliminary inquiry as to the lawfulness of the manner of obtaining the gun and ammunition.

It may be that the ancient term, "voir dire", is not a proper, technical designation of the preliminary examination which defendant was asking for. I do not think, however, that this court is now committed, if it ever was, to deciding cases by requiring use of a magic word when the meaning of the language used is clear. It is clear that counsel for defendant was asking "to question the witness on voir dire now at this point."

The Court of Appeals cites our opinion on original deliverance in Hubbard v. State, 283 Ala. 183, 215 So.2d 261. On second rehearing, this court affirmed the conviction in *Hubbard*, and the latest opinion of this court in *Hubbard* does not follow the opinion on original deliverance. In *Hubbard*, however, the issue of defendant's right to a preliminary hearing, outside the presence of the jury, to determine the admissibility of evidence was not presented.

I would quash the writ as improvidently granted.

SIMPSON, J., concurs.