SIMMONS, Retired Circuit Judge.
A jury convicted appellant-defendant of robbery pursuant to an indictment and fixed his punishment at 30. years imprisonment. Judgment was duly entered and defendant appeals. He was represented below by the court’s public defender and he likewise is represented on this appeal by the same attorney.
It appears that the victim of the robbery was Dexter Ray, an employee of Burger King, Inc., a corporation. The cash taken, alleged to be $235.00, was in the possession of Dexter Ray and was the property of Burger King.
We note that there was ample identification by Ray and other witnesses as to the guilty party. Some of the witnesses were not positive in their identification growing out of a line-up as others. We can’t find, nor is there any contention by appellant’s attorney that there was any suggestiveness arising out of the line-ups. This is also true as to photographs shown some of the witnesses.
Defendant called the Sheriff for a very short voir dire examination outside the presence of this jury. There was a short cross in camera.
The defendant did not take the witness stand nor did he put up any witnesses, not even the Sheriff, before this jury.
I
Appellant here contends that the trial court erred in not allowing appellant to examine on voir dire witnesses who viewed photographic line-ups; and compounded that error by allowing the photos to be described as “mug shots”.
We do not think there was error in either instance. It is to be noted that the motion for a voir dire examination was made during the direct examination of witness James M. Hughes, a witness for the state. The motion was overruled.
We think this ruling was consonant with a pronouncement of the Supreme Court in Wilbanks v. State, 289 Ala. 166, 266 So.2d 619, from which we quote:
“We have found no decision of this court or the Court of Appeals wherein it has been held reversible error for the trial court to refuse to permit the interruption of the examination of a witness on direct to permit counsel for the defendant to examine the witness on ‘voir dire’.”
“We hold, therefore, that the Court of Appeals erred in holding that the trial court erred in refusing the request of counsel for the defendant to interrupt the direct examination of the witness Holley in order to examine him on ‘voir dire’.”
With respect to the witnesses to describe the photos as “mug shots”, it is to be *561 noted that the description was in response to defendant’s question propounded on cross examination as follows:
“Q. What kind of pictures were these?
“A. Same type but they were in a book.
“Q. Alright. In a book?
“A. Uh-huh (yes). Binder. Book binder.
“Q. And how many pages were in that binder, in your judgment?
“A. 20, 25.
“Q. How many pictures on a page?
“A. 4.
“Q. What type pictures were they?
“A. Well, like a mug shot, front and side, standing up.”
We pretermit considering the prejudicial effect, if any, of the answer. We are merely calling attention that the answer was responsive to the question. Defendant says that the elicitation of this answer would not have happened if the court had permitted a voir dire examination as sought on direct examination. That contention if nothing more is speculative.
II
The second assertion of error is that the trial court erred “in allowing into testimony identifications of appellant where such were the direct result of appellant’s illegal detention”.
It appears that defendant was picked up or arrested on a warrant charging failure to pay an ambulance bill and held in jail.
It appears in appellant’s brief that a City Ordinance under which appellant was arrested and several weeks after the trial was declared unconstitutional by the Recorder’s Court Judge of the City of Tuscaloosa. Copy of a news item in a Tuscaloosa paper appended to appellant’s brief as proof of the Recorder’s ruling.
We do not find that the constitutionality vel non of the ordinance was ever presented to the trial court for its consideration or ruling and for aught appearing the ordinance was constitutional and defendant was in lawful custody.
We find no error in the trial that was prejudicial to defendant.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.