First degree murder; life imprisonment
Appellant was indicted and convicted for the November 27, 1979 murder of Tony Smith Rutledge by shooting him with a pistol
Eyewitness testimony in this case, which includes testimony by the appellant, demonstrates without dispute that at approximately 4:00 P.M. on November 27, 1979 near the Bates Service Station at the intersection of Tarrant-Huffman Road and 12th Court North in Jefferson County, appellant fired his .357 magnum revolver three times, killing Tony Smith Rutledge and paralyzing Lynn Eric Dye. Just prior to the shooting there had been an exchange of words between appellant and Rutledge and Dye. There was also evidence that either Rutledge or Dye had "snatched" appellant around as he tried to walk away from the verbal confrontation
Earlier, around 11:00 a.m. that morning, Rutledge, Dye, Rutledge's brother Jeffery "Crow" and Ronald "Twin" Smith had "kidnapped" appellant at gunpoint in order to find out where "Crow's" girlfriend, Delores Suggs, was. Crow fired a pistol at appellant's feet, slapped him and threatened to kill him if appellant didn't tell him where Ms. Suggs could be found. After the "kidnappers" had driven appellant around for two and one half hours and after drinking a half gallon of wine while "looking" for Ms. Suggs, appellant was released unharmed at Bates Service Station. Appellant then drove home and retrieved his pistol for "protection." Appellant returned to the service station and his confrontation with the deceased and Dye occurred shortly thereafter. Crow and Smith were not present at the time of the shooting. Neither the deceased nor Dye were armed
During the State's cross examination of appellant, appellant testified, without objection, that he remembered making a statement "about what happened" to two Birmingham Police Officers after being advised of his rights on his way to jail at the time of his arrest. Appellant stated that he was scared and in shock at the time he made the statement. He did not indicate that he had been threatened or coerced in any manner
Sergeant George T. Grubbs of the Birmingham Police Department testified as the State's only rebuttal witness that, in fact, the appellant had made such a statement admitting his complicity in the crime. Through Sergeant Grubbs's testimony the requisite Miranda and voluntariness predicates were fully established. Appellant indicated that he understood his rights before making his confession
Appellant's confession was then read into evidence by Sergeant Grubbs. The substance of the statement did not add anything new to the evidence in the case which had already been admitted without objection
At no time during the appellant's or Sergeant Grubbs's testimony did the appellant request a voir dire examination to determine the voluntariness of his confession
On the question of the voluntariness of a confession, the burden is not on the trial court to withdraw the jury ex mero motu, hear evidence on the question of the voluntariness of a confession outside the jury's presence, and expressly ruleState v. Wilbanks, 289 Ala. 166, 169, 266 So.2d 619 (1969);Carroll v. State, 370 So.2d 749, 757 (Ala.Cr.App.), cert denied, 370 So.2d 761 (Ala. 1979). By its rulings on the objections and the admission of the confession *Page 1076 
into evidence, the trial court had determined its voluntariness. Carroll, supra; Cork v. State, 50 Ala. App. 670,675, 282 So.2d 107 (1973)
Moreover, it is well settled that it is not error to allow facts to be shown over objection when they have already been admitted in evidence without objection. Carroll, supra, 370 So.2d, at 754 and cases cited therein
We have searched the record for error and have found none; therefore, the judgment and conviction by the Jefferson Circuit Court is affirmed
AFFIRMED
All the Judges concur