[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 942 
The appellant, Craigery Labron Miller, was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant guilty as charged in the indictment.
The State's evidence tended to show the following. During the morning of September 7, 1989, the appellant and a female went into Mike's Grocery store to purchase some headache medication. The cashier working at Mike's Grocery that day testified that the appellant had shopped at the store on prior occasions. She said that the appellant stated that he needed to ask his mother what type of medication to purchase, and that he left the store without making a purchase.
According to the cashier, later that day, the appellant walked into the store with another individual, who the appellant identified as Larry Wade Hicks, and they went to the candy display. The appellant picked out some candy and went to the counter to pay for it. The cashier testified that as the appellant was at the counter, Hicks grabbed her from behind. She said Hicks pressed a sharp, metallic item against her neck and told her to open the register; she complied. The cashier said Hicks took her to a bathroom in the rear of the store and told her to remain there. During this time, the appellant remained at the check-out counter. When the cashier heard the bell on the store's front door ring, indicating that the front door had opened, she left the bathroom. The cashier testified that when she came out of the bathroom, the appellant and Hicks were gone and she called the police. The cashier stated that approximately $60 to $70 was taken from the cash register. The cashier identified the appellant from seeing him in the store on previous occasions, but could not identify Hicks, who had attacked her from behind.
Five days after the robbery, investigators went to the appellant's home and, without arresting him, requested that he go with them to the police station for questioning. A statement was taken from the appellant at the police station. In the statement, the appellant stated that he knew Larry Wade Hicks. He said that he saw Hicks outside the store on the day of the robbery and that Hicks asked the appellant if the store had any money. The appellant said that Hicks told him that he was thinking about robbing the store and that Hicks told him to go into the store and gave him $.50 to purchase some candy. The appellant said that Hicks told him that when the cashier opened the register to take the money for the candy, Hicks would take the money in the register. According to the appellant's statement, Hicks used a "lock-blade" knife during the robbery. The appellant said that after Hicks took the cashier to the bathroom, he and Hicks left the store. According to the appellant, once outside the store, he and Hicks split up, but Hicks later went to the appellant's house to split the money and food stamps taken from the store. The appellant stated that he used the food stamps and spent the money the next day. Once the appellant gave his statement, *Page 943 
he was arrested for robbery in the first degree.
 I
The appellant argues that the trial court erred in denying his motion to suppress the statement taken by the investigators. Specifically, the appellant contends that the statement was taken pursuant to an arrest that was illegal because it was made without probable cause, and therefore his statement was the fruit of an illegal arrest.
This Court must uphold a trial court's ruling on a motion to suppress unless it is clearly erroneous and palpably contrary to the great weight of the evidence. Holmes v. State,598 So.2d 24 (Ala.Crim.App. 1992); State v. Austin, 596 So.2d 598
(Ala.Crim.App. 1991).
The appellant first argues that the investigators lacked probable cause to arrest him when they went to the appellant's house and informed him that he was a suspect in the robbery. The appellant contends that the investigators had received information from an informant that the appellant had been involved in the robbery. The appellant argues that, because, he says, the State did not establish that the informant was reliable, the investigators had no probable cause to arrest him. However, the State presented testimony that the officers, when they arrived at the appellant's house, told the appellant that he was not under arrest, but that he was a suspect in a robbery. The appellant was told prior to leaving his house for the police station that he could refuse to go with the officers. He went voluntarily and was not taken in handcuffs or restrained in any way. He was free to leave at any time and was not required to make the statement. After background information was taken from the appellant, the police advised the appellant of his Miranda rights. The appellant signed a waiver of rights form. The evidence tends to show that the appellant was arrested only after he gave his statement, which implicated him in the crime and gave the investigators probable cause to arrest him. In Hooks v. State, 534 So.2d 329, 350
(Ala.Crim.App. 1987), aff'd, 534 So.2d 371 (Ala. 1988), cert.denied, 488 U.S. 1050, 109 S.Ct. 883, 102 L.Ed.2d 1005 (1989), this Court held that a defendant's statement cannot be considered the fruit of an illegal arrest when the defendant is arrested after giving the statement. In this case, we hold that the trial court did not err in finding that the statement was not taken pursuant to an illegal detention or arrest because the appellant was not arrested until after he gave the statement.
 II
The appellant also argues that the trial court erred in admitting the appellant's statement into evidence because the statement was not voluntary. Specifically, the appellant argues that the investigators induced him to make the statement and that he did not understand his Miranda rights. We disagree.
Whether the appellant's statement was voluntary must be decided from the totality of the circumstances. Menefee v.State, 592 So.2d 642 (Ala.Crim.App. 1991). At the most, the evidence is conflicting as to whether the statement was voluntary. Where the evidence of voluntariness is conflicting, the trial court's decision on that issue must be upheld unless palpably contrary to the great weight of the evidence. Carr v.State, 545 So.2d 820, 824 (Ala.Crim.App. 1989); see alsoHawkins v. State, 594 So.2d 181 (Ala.Crim.App. 1991).
In this case, the appellant testified that the investigators, during the interview with him, pounded their hands on the table in an effort to coerce or to threaten him into making the statement; he further testified that he did not understand hisMiranda rights. The State presented conflicting testimony to the appellant's testimony. The State presented evidence that the appellant was informed of his Miranda rights and that he was informed of the meaning of the waiver form that he signed. There was testimony that the investigators specifically told the appellant were not forcing him or trying to trick him into saying anything. There was also testimony that the appellant indicated that he understood what the investigators were telling him, that he did not ask any *Page 944 
questions about his rights or the waiver form, and that he then proceeded to make the statement.
Examining the issue in light of the totality of the circumstances, as we must, we hold that the trial court's decision that the statement was voluntary is not palpably contrary to the great weight of the evidence. Therefore, the appellant's motion to suppress was properly denied and the statement was properly admitted into evidence.
 III
The appellant next argues that the trial court erred in failing to conduct the hearing on his motion to suppress outside of the presence of the jury. We disagree.
The record reflects that the appellant filed a motion to suppress his statement before the trial, but that the court deferred hearing the motion until trial. Defense counsel did not request that the motion be heard before trial. During direct examination, one of the investigators who was in the room when the appellant's statement was taken, testified that the appellant signed a waiver of rights form. Defense counsel objected to this testimony on the grounds that the waiver was not signed voluntarily and knowingly. Defense counsel requested that he be allowed to question the witness on voir dire and stated that he would "probably have a motion outside the presence of the jury." The trial court allowed defense counsel to examine the witness on voir dire. Defense counsel then asked the trial court to excuse the jury because, he said, he wanted to question the witness regarding some lost or destroyed evidence. The trial court informed defense counsel that he was to limit his voir dire of the witness to the voluntariness of the statement, and could not question him regarding lost or destroyed evidence. Defense counsel did not request that the jury be excused during his voir dire for any other reason and he proceeded to question the witness in front of the jury.
When defense counsel during his voir dire of the witness attempted to elicit testimony about an informant, the trial court, ex mero motu, removed the jury for the rest of the voir dire, which consisted of continued examination of the investigator. Defense counsel also questioned the appellant on voir dire while the jury was excused. At the end of the voir dire examination, the trial court overruled the appellant's motion to suppress his statement.
In Harris v. State, 406 So.2d 1074 (Ala.Crim.App. 1981) we held that an accused is not entitled to a hearing outside the presence of the jury unless he specifically requests that it be held outside the presence of the jury and that a trial judge is not required to remove the jury for the hearing absent a request by the accused. See also, Gamble, McElroy's AlabamaEvidence, § 200.02(5)(6) (3d ed. 1977).
Based on the circumstances in this case, we hold that the trial court did not err in allowing part of the voir dire of a witness to be conducted in the presence of the jury. Defense counsel's request that the voir dire be conducted outside the presence of the jury was directed only to the questioning regarding alleged lost or destroyed evidence. Once the trial court limited defense counsel's voir dire examination to the voluntariness of the appellant's statement, defense counsel made no request that the voir dire examination be conducted outside the presence of the jury and he proceeded to elicit testimony in front of the jury. Thus, defense counsel effectively waived any objection because he made no specific request that the voir dire examination be outside of the jury's presence.
 IV
The appellant next asserts that the trial court erred in refusing to grant the appellant youthful offender status. Specifically, the appellant contends that he was improperly denied youthful offender status solely because of the nature of the criminal charge against him.
We affirm the trial court's denial of youthful offender status. The decision to grant or deny a youthful offender application rests within the sound discretion of the trial court and this Court will not overturn its decision unless we determine that the trial judge clearly abused that discretion.Smith *Page 945 v. State, 623 So.2d 369 (Ala.Crim.App. 1992); Benton v. State,536 So.2d 162 (Ala.Crim.App. 1988).
In Ex parte Farrell, 591 So.2d 444, 449 (Ala. 1991), the Alabama Supreme Court stated that the nature of the criminal charge, without more, cannot be used as the basis for denying youthful offender status. However, the Court held that "the nature of the fact situation on which the charge is based may
be a sufficient reason for denying youthful offender status."Id. (emphasis original). Moreover, where the record does not support the contention that youthful offender status was denied solely on the basis of the crime charged, this court will not reverse the trial court's decision to deny youthful offender status. Burks v. State, 600 So.2d 374, opinion after remand,600 So.2d 387 (Ala.Crim.App. 1991).
In this case, although there is no transcript of the hearing on the appellant's application for youthful offender status, an entry on the case action summary, included in the record, reflects that a hearing was held and states, in part, "After investigation, defendant's [youthful offender] petition is denied." The trial court is not required to specifically state its reasons for denying a youthful offender application. There is nothing in the record to support the appellant's contention that he was denied youthful offender status solely on the basis of the crime with which he was charged. Thus, the appellant has failed to show that the trial judge has abused his discretion in denying him youthful offender status.
 V
The appellant further asserts that the trial court erred in enhancing his sentence pursuant to § 13A-5-6, Code of Alabama 1975, which provides enhanced sentences if a firearm or deadly weapon is used in the commission of a felony. Specifically, the appellant argues that the enhancement statute was improperly applied because, he says, he did not possess a deadly weapon during the commission of the crime. This argument is without merit.
The State, in its brief to this Court, accurately notes that this Court addressed this precise issue in Hammond v. State,497 So.2d 558 (Ala.Crim.App. 1986). In Hammond, we held that even if the defendant was actually unarmed, the jury's verdict encompassed in it a finding that the defendant was armed with a deadly weapon and the trial court was required to sentence the defendant in accordance with the enhancement statute. Id. at 566. Hammond is applicable to this case. Therefore, we affirm the sentence that the trial court imposed upon the appellant.
 VI
The appellant further argues that the trial court erred in refusing to allow him to admit evidence that Larry Wade Hicks had been acquitted of the charge of robbery in the first degree in relation to this incident and in refusing to grant a continuance so that the appellant could secure Hicks as a witness. We disagree.
After defense counsel during voir dire alluded to the fact that Hicks had been acquitted of a charge relating to the offense for which the appellant was being tried, the State made a motion in limine to prevent defense counsel from referring to Hicks's acquittal. The trial court granted the State's motion.
Section 13A-2-25, Code of Alabama 1975 states in part:
 "In a prosecution for an offense in which criminal liability is based upon the behavior of another person pursuant to this article, it is no defense that:
 "(1) Such other person has not been prosecuted for or convicted of any offense based upon the behavior in question, or has been previously acquitted thereof, or has been convicted of a different offense or degree of offense."
Hicks's acquittal is simply not relevant to the charge against the appellant. A codefendant's conviction or acquittal will not be disclosed if a proper objection is made. See Tomlin v.State, 591 So.2d 550, 554-55 (Ala.Crim.App. 1991). In McGheev. State, 41 Ala. App. 669, 149 So.2d 1, 3 (1962), aff'd,274 Ala. 373, 149 So.2d 5 (Ala. 1963), this Court held *Page 946 
that a codefendant's acquittal of the same offense with which the defendant was charged was immaterial, irrelevant, and inadmissible. In this case, the trial court did not err in refusing to allow the appellant to introduce evidence of Hicks's acquittal.
The trial court also did not err in refusing to grant the appellant a continuance so that he could secure Hicks as a witness. The decision to grant or to deny a motion for a continuance rests within the sound discretion of the trial court. McFarland v. State, 581 So.2d 1249
(Ala.Crim.App. 1991); Johnson v. State, 542 So.2d 341
(Ala.Crim.App. 1989). Some of the criteria a trial court should use in deciding whether to grant or to deny a motion for a continuance to allow the accused to secure a witness are whether the defendant has shown that the expected testimony of the witness is competent and material, whether there is a probability that the evidence will be adduced if the continuance is granted, and whether the defendant has exercised due diligence in trying to secure the witness. Bates v. State, 600 So.2d 411
(Ala.Crim.App. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 997,122 L.Ed.2d 148 (1993).
In this case, Hicks's testimony that he had been acquitted is not relevant or material; in fact it is not admissible. Even if it were admissible and relevant, however, defense counsel made no showing that Hicks would be available for trial if the continuance was granted, or that the defense had exercised due diligence in trying to secure Hicks as a witness. Under these circumstances, we hold that the trial court did not abuse its discretion in denying the motion for a continuance.
 VII
The appellant also argues that the State failed to prove the corpus delicti other than through the appellant's statement and, therefore, that the trial court erred in denying his motion for a new trial or his motion to vacate the judgment. Specifically, the appellant argues that the State failed to prove that the appellant used a deadly weapon during the commission of the crime. The appellant's argument is without merit.
The victim testified to the appellant's conduct during the commission of the crime. The State's evidence tended to show that the appellant aided and abetted another individual in committing the crime. He distracted the victim so that the other individual could come up behind the victim and threaten her by pressing a sharp, metallic object against her throat so that she opened the cash register. Independent evidence of the corpus delicti may be solely circumstantial and the jury is free to draw reasonable inferences from that evidence.Howell v. State, 571 So.2d 396, 397 (Ala.Crim.App. 1990). Gamble, McElroy's Alabama Evidence § 304.01 (4th ed. 1991).
In this case, sufficient evidence of the corpus delicti other than the appellant's statement was present to allow the State's evidence to go to the jury.
 VIII
Last, the appellant argues that the charge against him was barred by the acquittal of his codefendant, the alleged principal, because, he says, he was charged with aiding and abetting. We disagree.
In Bridges v. State, 48 Ala. App. 249, 263 So.2d 705, 708
(1972), we stated that an aider and abettor may be convicted of a crime, even though the principal was acquitted of that same crime. The distinction between the principal and the aider and abetter has been abolished. Id. Therefore, although the appellant's codefendant was acquitted prior to the appellant's trial, the acquittal does not bar the appellant's conviction.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
McMILLAN and PATTERSON, JJ., concur.
TAYLOR, J., dissents with opinion in which BOWEN, P.J., joins.