Craigery LaBron Miller was convicted of robbery in the first degree. The Court of Criminal Appeals affirmed the conviction.650 So.2d 940. We granted certiorari review in order to determine whether the trial court erred in not removing the jury before it held part of a hearing on a motion to suppress. *Page 948 
We conclude that it did. Therefore, we reverse and remand.
Before trial, Miller's counsel, Kevin Teague, moved to suppress a statement made by Miller to the police. In the motion to suppress the statement, Teague requested that "a pre-trial hearing be held in this matter." (C.R. 32.) The trial court deferred hearing the motion until trial.
At trial, one of the police officers was testifying concerning Miller's waiver of his Miranda rights and his subsequent statement. The following exchange occurred:
 "Prosecutor: Your honor, we would move to admit State's exhibit No. 1 [the waiver-of-rights form] and 2 [Miller's statement].
"Teague: We'll object at this time, your honor.
"Court: Object to one and two?
 "Teague: To both of them. And I have an additional — I would like to take him on voir dire and also probably have a motion outside the presence of the jury.
 "Court: You want to state some grounds for your objection?
 "Teague: Yes, sir. It's not voluntary and knowing and also based upon prosecutorial misconduct in that I have not been given all the evidence in this case.
"Court: Do you want to take him on voir dire?
"Teague: Yes, sir.
"Court: On what part?
"Teague: On both of them.
"Court: On the voluntariness?
 "Teague: The voluntary and knowing waiver as well as the prosecutorial misconduct.
 "Court: Well, I will let you have him on voir dire."
(R.T. 108-110.)
The trial court subsequently limited voir dire examination to the voluntariness issue and did not excuse the jury. During voir dire examination of the officer, Teague attempted to ask questions concerning possible prosecutorial misconduct. The trial court then, ex mere motu, removed the jury for the remaining voir dire. Teague also questioned Miller while the jury was excused. At the end of the voir dire examination, the trial court overruled the motion to suppress.
The Court of Criminal Appeals held that the trial court did not err in allowing part of the voir dire examination to be conducted in the presence of the jury, because, it said, Teague failed to request that voir dire regarding the issue of voluntariness be conducted outside the presence of the jury. That court's majority opinion cites Harris v. State,406 So.2d 1074 (Ala.Crim.App. 1981), wherein that court held that the accused is not entitled to a hearing outside the jury unless he specifically requests that it be held outside the presence of the jury and that a trial judge is not required to remove the jury for the hearing absent a request by the accused.
It is abundantly clear from a review of the record that Teague requested that voir dire concerning the voluntariness issue be conducted outside the presence of the jury and that the jury be excused for the entire hearing on the motion to suppress. As the dissenting opinion noted, we, too, hope that the majority of the Court of Criminal Appeals merely overlooked the above-quoted portion of the record, from which it is obvious that Teague requested that the hearing be held outside the presence of the jury.
As the Court of Criminal Appeals has aptly noted, a hearing on a motion to suppress a criminal defendant's statement is usually directed toward the method and manner by which the confession was obtained. Reynolds v. State, 488 So.2d 4
(Ala.Crim.App. 1985). Because the court allowed the jury to listen to the hearing on the motion, the jury already knew all of the circumstances surrounding Miller's statement. Therefore, the court violated Miller's rights by not removing the jury from the courtroom before the attorneys began their voir dire examination concerning the voluntariness of the statement.
Based on the foregoing, we reverse and remand.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.
MADDOX, J., dissents. *Page 949