The appellant in this case, Richard Douglas Reese, was convicted of murder made capital because it was committed during the course of a robbery. The appellant was sentenced to life imprisonment without parole. On this direct appeal, the appellant contests the trial court's denial both of his motion seeking youthful offender status and of his motion for reconsideration.
The appellant's only contention on appeal is that the trial court abused its discretion by *Page 1240 
failing to consider any other factors except the nature of the crime charged in denying the appellant youthful offender status. However, the appellant is mistaken in that assertion, as the record reflects.
In determining whether to treat a defendant as a youthful offender, the trial court has nearly absolute discretion.Morgan v. State, 363 So.2d 1013 (Ala.Crim.App. 1978); seealso, Ex parte Farrell, 591 So.2d 444, 449-50, n. 3 (Ala. 1991). There is no set method for considering a motion requesting such treatment. Edwards v. State, 294 Ala. 358, 317 So.2d 512
(1975). However, the Youthful Offender Act, § 15-19-1, Ala. Code, 1975, requires that the court conduct a factual investigation into the defendant's background. Ware v. State,432 So.2d 555 (Ala.Crim.App. 1983). Generally, the trial court considers the nature of the crime charged, any prior convictions, the defendant's age, and any other matters deemed relevant by the court. Clemmons v. State, 294 Ala. 746,321 So.2d 238 (1975). Moreover, the trial court need not articulate on the record its reasons for denying the defendant youthful offender status. Garrett v. State, 440 So.2d 1151, 1152-53
(Ala.Crim.App. 1983), cert. denied (Ala. 1983). Accord, Goolsbyv. State, 492 So.2d 635 (Ala.Crim.App. 1986).
The appellant relies on Watkins v. State, 357 So.2d 156
(Ala.Crim.App. 1977), cert. denied, 357 So.2d 161 (Ala. 1978), for his contention that the trial court may not deny youthful offender status after consideration of only one factor, i.e., the nature of the crime charged. However, there is no support in this record for the contention that the trial court considered only that one factor. The trial court, in fact, expressly stated that the appellant's motion for youthful offender treatment was denied "based on the investigation and other matters." (R.Supp. # 2, 3-4.)
This court held in Miller v. State, 650 So.2d 940
(Ala.Crim.App. 1993), rev'd on other grounds, 650 So.2d 947 (Ala. 1994), that
 "[w]here the record does not support the contention that youthful offender status was denied solely on the basis of the crime charged, this court will not reverse the trial court's decision to deny youthful offender status. Burks v. State, 600 So.2d 374, opinion after remand, 600 So.2d 387 (Ala.Crim.App. 1991)."
The record in this case does not support the appellant's contention that youthful offender status was denied solely on the basis of the crime charged. For that reason, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.